**Duone Titus Ray HAIRSTON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. SD 30092.**

Missouri Court of Appeals, Southern District, Division Two.

June 11, 2010.

Mark A. Grothoff, Columbia, MO, for appellant.

Chris Koster, Atty. General, Mary H. Moore, Jefferson City, MO, for respondent.

## NANCY STEFFEN RAHMEYER, Judge.

Duone Titus Ray Hairston ("Movant") was found guilty by a jury of one count of possession of a controlled substance with intent to distribute, a felony under section 195.211,[1] and sentenced to ten years imprisonment to be served consecutive to any other sentence he was currently serving. Before trial, Movant filed a motion to suppress evidence seized from the execution of the search warrant, which led to the discovery of evidence used at trial, on the grounds that the search warrant did not accurately describe Movant's residence. A hearing on the motion to suppress pro-

duced evidence that the application for the warrant, the affidavit in support of the application for the warrant, and the search warrant itself, all described the premises to be searched as "a two[-]story apartment building brick structure" at "209 West Center apartment # K, Sikeston, Scott County, Missouri." While Movant's residence was located at 209 West Center, Apartment K, his apartment was in a one-story building, located six to fifteen feet from the two-story structure referenced in the search warrant. The police officer who applied for and executed the search warrant testified at the hearing on the motion to suppress as follows: "It's actually, the apartment complex, the brick two[-]story building is on the front of it and then there is a small apartment that's still on the same property within maybe six or eight feet from the main structure that [Movant] actually lived in that was marked Apartment K." Both buildings are a part of the same apartment complex.

The police searched Movant's apartment and discovered a roll of plastic bags and a police scanner with local police frequencies programmed into it. After failing to find any controlled substances in the apartment, one of the detectives executing the warrant exited the one-story building and went into the apartment complex's common laundry area, which was located in the basement of the two-story building described in the search warrant. A piece of Styrofoam that, to the executing detective, looked out of place between two rafters in the ceiling was discovered in the laundry area. The detective removed the Styrofoam and found 24.74 grams of marijuana inside. Movant was arrested and subsequently gave a recorded statement, which was transcribed, read into the rec-

---

1. All references to statutes are to RSMo Cum. Supp.2003, and all rule references are to Missouri Court Rules (2010), unless otherwise specified.

ord at trial, and included the following exchange:

[Movant]: I mean what you want to know?

[Detective]: Start off with the hidey hole.

[Movant]: What about it?

[Detective]: What up with that?

[Movant]: In the basement.

[Detective]: Where at?

[Movant]: A whole bunch of that Styrofoam.

[Detective]: Where was your dope at?

[Movant]: It wasn't nothing but like a sack down there.

. . . .

[Detective]: What are you doing with all of the money you got from selling weed then?

[Movant]: That is my money.

Movant's motion to suppress the evidence was denied and the items seized as a result of the search were ultimately admitted into evidence at trial without objection.

After being found guilty, Movant appealed challenging the sufficiency of the evidence for his conviction. This Court, however, affirmed his conviction in *State v. Hairston*, 268 S.W.3d 471 (Mo.App. S.D. 2008). Movant timely filed a pro se motion for post-conviction relief and counsel thereafter filed a statement in lieu of filing an amended motion, adopting the claims alleged in the pro se motion.

Movant's Rule 29.15 motion alleged that his conviction and sentence should be vacated, set aside, or corrected for the following reasons: (1) the affidavit used to obtain a search warrant for Movant's residence was "fatally defective"; (2) the search warrant did not state with particularity the persons or places to be searched, which led to illegal search and seizure violations of Movant's constitutional rights;

(3) Movant was prejudiced by ineffective assistance of counsel in that counsel provided ineffective assistance by, among other things, "not objecting to allow into evidence this unknown confidential informant and illegal search warrant"; (4) there was insufficient evidence to support a conviction under section 195.211; (5) there was insufficient evidence to support the conviction of intent to distribute; and (6) that the State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

In total, Movant's Rule 29.15 motion alleged fifteen different claims of ineffective assistance of counsel, in addition to the five alleged trial court errors. The motion court found that Movant did not receive ineffective assistance of counsel and denied his motion on all other points. Movant now appeals, his sole point challenging the motion court's judgment denying one of the claims for ineffective assistance of counsel; he asks us to reverse the denial of post-conviction relief because "his trial counsel failed to object at trial to evidence seized as a result of the search conducted" as Movant claims the warrant was invalid for not accurately describing his residence.

On review, the motion court's findings are presumed correct. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The motion court's judgment will be overturned only when either its findings of fact or conclusions of law are clearly erroneous. *Id.* (citing Rule 29.15(k)). The findings of fact and conclusions of law will only be overturned where, after reviewing the entire record, we are left with a " 'definite and firm impression that a mistake has been made.' " *Schmidt v. State*, 292 S.W.3d 574, 576 (Mo.App. S.D.2009) (quoting *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007)).

To prevail on a claim of ineffective assistance of counsel, Movant must (1) show that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances and (2) establish prejudice by showing a reasonable probability that but for counsel's errors, the results of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by Movant as a result of the alleged deficiencies. *Id.* at 697, 104 S.Ct. 2052. We affirm because Movant has no standing to challenge the search of the unlocked laundry room, a common area at his apartment complex. Furthermore, the common area premises where the marijuana was actually found were accurately described in the search warrant.

Trial counsel does not provide ineffective assistance by failing to make a meritless objection. *Forrest v. State,* 290 S.W.3d 704, 717 (Mo. banc 2009). "[B]efore an individual can challenge a search and seizure, he or she must establish that he or she had a 'legitimate expectation' of privacy in the area searched or the items seized." *State v. Martin,* 892 S.W.2d 348, 351 (Mo.App. W.D.1995) (citing *Rakas v. Illinois,* 439 U.S. 128, 148–49, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)). "[T]enants of multifamily dwellings have no legitimate expectation of privacy in common or shared areas." *U.S. v. Mendoza,* 281 F.3d 712, 715 (8th Cir.2002); *U.S. v. McGrane,* 746 F.2d 632, 634 (8th Cir.1984) (holding that in a multifamily dwelling, where other residents had access to a basement storage locker, there was no legitimate expectation of privacy). Movant lived in an apartment complex where he and other tenants used a common laundry area in the basement of a building that was part of that complex. Accordingly, he had no legitimate expectation of privacy in that area.

Because Movant has no standing to challenge the search of the common area, he was not prejudiced by trial counsel's failure to object to the admission of the 24.74 grams of marijuana found in the laundry room.

The judgment is affirmed.

LYNCH, P.J., and FRANCIS, J., concur.