

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STEPHAN L. GALBREATH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33975 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: July 25, 2016 |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable G. Stanley Moore, Judge

### **AFFIRMED**

Stephan Galbreath ("Movant") appeals from his failed Rule 29.15 challenge to the first-degree assault, burglary, and weapons convictions affirmed on direct appeal in ***State v. Galbreath***, 244 S.W.3d 239 (Mo.App. 2008), an opinion from which we summarize below without further attribution.

### **Background**

Movant, a notorious cocaine dealer, decided "to make an example" of Michael Young for stiffing Movant on fronted drugs. Movant and an underling (Jones) found and beat Young, then held him against his will while Young tried to raise pay-back

money. On the second day, Young called his ex-girlfriend ("Victim"), who agreed to bring $400 for Young's release and notified police, who surrounded the exchange point and arrested Movant for kidnapping. Movant bonded out within days.

Soon thereafter, Movant had his girlfriend drive him and another man to Victim's house at night. The other man, whose face was mostly covered, walked up to the house, entered at gunpoint, and reported by cell phone that children were present. The reply: "Kill them all." He did not, but shot Victim in the head at close range and ran back to the car, which sped away. Movant asked what had happened and was told: "Two shots to the head, she's dead." Fortunately, however, Victim survived.

Movant was soon apprehended and now faced additional first-degree assault, burglary, and weapons charges which were tried first, separate from the kidnapping charge, resulting in convictions and prison sentences for life plus 235 years.

After losing his direct appeal, Movant timely filed a *pro se* PCR motion per Rule 29.15. Appointed counsel timely filed a statement in lieu of amended motion. *See* Rule 29.15(e). The docket sheet reflects no action for the next two and a half years. After notice to appointed counsel and no response, the case was dismissed, then reinstated months later.

Nearly five years after Movant's *pro se* motion, substitute counsel entered the case. Just before the scheduled evidentiary hearing, which twice had been continued at her request, Movant's new counsel fax-filed a motion to find abandonment, to reappoint counsel, and for leave to file an amended PCR motion (the "abandonment

motion").[1] Without a hearing, the court promptly sustained that motion, made an abandonment finding, and allowed filing of the amended PCR motion.

The next day, the court made further record of its foregoing actions before starting the evidentiary hearing. The state voiced no objection and announced ready for the hearing. Movant offered testimony on both his amended and *pro se* motions.[2] The court denied relief.

### State's Assertions

Initially, we reject the state's lengthy assertions of motion court error in sustaining the abandonment motion without a hearing and allowing the amended PCR motion to be filed and heard. The state could have timely presented these to the motion court. Instead, it acquiesced as noted above, which can be understood given the delay of over five years, prior continuances obtained by Movant's new counsel, and the arrangements already made for witness testimony and Movant's presence at the hearing that day.

At any rate:

> It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question.... This requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid the delay, expense, and hardship of an appeal and retrial.

---

[1] Given our disposition, we need not address PCR "abandonment" jurisprudence under **Moore v. State**, 458 S.W.3d 822 (Mo. banc 2015), and its progeny.

[2] Substitute counsel attached and purported to incorporate Movant's *pro se* claims into the amended PCR motion. Rule 29.15(g) has been amended, effective January 1, 2017, to clarify that this procedure is forbidden. ("The amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the pro se motion.")

***Brown v. Brown***, 423 S.W.3d 784, 787-88 (Mo. banc 2014)(quotation marks omitted).  "'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'"  ***Id***. at 788 (quoting ***State ex rel Nixon v. Am. Tobacco Co., Inc.***, 34 S.W.3d 122, 129 (Mo. banc 2000)).

To label the state's posture in the motion court as waiver, acquiescence, estoppel, invited error, or Rule 78.09 violation yields the same result: we will not now address these complaints for the first time on appeal.  *See* ***Schumer v. Lee***, 404 S.W.3d 443, 453 (Mo.App. 2013), and authorities cited above.

### Movant's Claims on Appeal

We take together Movant's complaints that trial counsel was ineffective in not trying to minimize testimony about Movant's involvement in kidnapping (Point I) and drug dealing (Point II). To his credit, Movant admits that

> the state would have been permitted to present some evidence related to the kidnapping as background for proof of the other charges filed against Mr. Galbreath.  Evidence that [Victim] was the person who called the police to report Mr. Young's alleged kidnapping arguably provided evidence of motive and intent, as [trial counsel] noted at the evidentiary hearing [transcript cites omitted],

and concedes similarly as to drug dealing. Yet Movant claims trial counsel still should have tried to keep some of that evidence out, despite trial counsel explaining at the evidentiary hearing his strategy in not doing so.

In rejecting these claims below, the motion court noted that testimony

> that Galbreath was the supplier of the cocaine obtained by Michael Young, Young's failure to pay for the cocaine, Young's kidnapping at the hands of Jones and Galbreath in an attempt to collect the drug debt, Young's phone call to [Victim] asking for money and [Victim's] decision to report the matter to the police resulting in the arrest of

4

> Jones and Galbreath establish defendant's motive and is so intertwined with the evidence of the burglary and attempted murder that to exclude it would have deprived the jury of evidence needed to paint a complete and coherent picture of the crimes presented to them.

The court found that objections to such testimony "would have been without merit" and "counsel is not ineffective for failure to make a nonmeritorious objection," so Movant had not shown that his trial counsel's performance "failed to rise to a level of a reasonable competent attorney."

These findings and conclusions are not clearly erroneous, which is our Rule 29.15(k) standard for appellate relief. *See, e.g.*, **State v. Miller**, 372 S.W.3d 455, 473-74 (Mo. banc 2012)(supporting admissibility to show motive or to present complete and coherent picture of events); **Hairston v. State**, 314 S.W.3d 356, 359 (Mo.App. 2010)(counsel not ineffective for failing to raise meritless objections); **Helmig v. State**, 42 S.W.3d 658, 667, 668-79 (Mo.App. 2001)(considered strategic decisions "virtually unchallengeable" via PCR; strategic reasons not to object). Points denied. Judgment affirmed.


DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS