

# SUPREME COURT OF MISSOURI
## en banc

KAREN M. BROWN )
                         )
           Respondent, )
                         )
v. ) No. SC93238
                         )
ANTHONY T. BROWN )
                         )
           Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF ST. CHARLES COUNTY
The Honorable Ted House, Judge

*Opinion issued March 11, 2014*

PER CURIAM

      Anthony Brown ("Father") appeals from the trial court's judgment awarding guardian ad litem fees to Christine Miller Hendrix in association with preparing and filing a brief in Father's previous appeal from a judgment in post-dissolution child custody proceedings between Karen Brown ("Mother") and Father. Father asserts in this appeal that a guardian ad litem appointed for trial court proceedings has no legal authority to participate in an appeal from that court's judgment and that, if such authority did exist, Ms. Hendrix's claimed fees were not supported by substantial evidence. Regarding the guardian ad litem's authority to participate in an appeal with the court of appeals, Father failed to raise the issue or pursue any remedies, if any were available, at the appropriate time. Father also failed to raise with the trial court his claim that there

was not substantial evidence of the amount of Ms. Hendrix's fees and, thereby, failed to preserve it for appellate review. Consequently, the Court affirms the trial court's judgment.

## Factual and Procedural History

Anthony and Karen Brown's marriage was dissolved in 2006 by the district court of Taylor County, Texas. The divorce decree established the custody and support requirements for the couple's six minor children. Mother currently resides in Missouri, and Father resides in Nebraska.

The Texas divorce decree was registered as a foreign judgment in the St. Charles County circuit court in 2007. In 2009, Father filed a family access motion, a motion to modify custody and/or child support, and a motion for contempt with the circuit court of St. Charles County. Christine Miller Hendrix was appointed guardian ad litem for the minor children. In January 2011, the trial court entered a judgment deciding the custody and visitation rights of the parents and ordering Father to pay child support, court costs, and guardian ad litem fees.[1] Father filed a notice of appeal of that judgment in March 2011 (ED96426).

---

[1] Circuit Court No. 0711-FC00455-02. More specifically, the court's judgment: (1) maintained the joint physical custody of the minor children but designated Mother's residence as the children's mailing address and address for educational purposes; (2) awarded sole legal custody of the five remaining unemancipated children to Mother; (3) found that Father was entitled to compensatory time with the four youngest children because of Mother's interference with Father's visitation rights; and (4) found Mother in contempt for failing to make payments on an automobile she was awarded in the dissolution decree.

In September 2011, in response to Father's notice of appeal, Ms. Hendrix filed a motion to secure costs on appeal seeking payment from Father or Mother, jointly or severally, so that she could draft and file an appellate brief. Ms. Hendrix wished to respond to Father's claims that the trial court erred by accepting the guardian ad litem's custody recommendations and by allocating the guardian ad litem fees. Her motion asserted that she intended to respond to six issues raised by Father on appeal. The trial court sustained that motion on October 19, 2011, and directed Father and Mother to advance $2,500 each to Ms. Hendrix to be held in trust pending further order of the court. No judgment was entered at that time for the actual award of fees.

Thereafter, Ms. Hendrix prepared and filed a responsive brief in the court of appeals. In that appellate proceeding, Father did not object to Ms. Hendrix's brief or move to strike it. The only argument Father made regarding the guardian ad litem fees was that the allocation and apportionment of the fees awarded in relation to the modification proceedings was improper based on the circumstances of the case.[2] Father claimed that, based on Mother's behavior before and throughout the proceedings and on her income, the trial court erred by not requiring Mother to pay a larger percentage of the fees. Father made no argument regarding the order directing the monies to be held in

---

[2] The fee allocation issue in the first appeal involved the trial court's award of attorney fees, guardian ad litem fees, and expert witness fees. The guardian ad litem was awarded a total fee of $11,211. Prior to the judgment, Father had paid $3,900 and Mother had paid $2,600. Of the remaining amount due of $4,621, Mother was ordered to pay 30 percent, or $1,386.30, while Father was ordered to pay 70 percent, or $3,234.70. During the appeal from the modification proceedings (ED96426), Father had argued that Mother should be required to pay a higher percentage. The judgment awarding guardian ad litem fees in association with Ms. Hendrix's participation in the first appeal was not entered until April 2012, and that judgment is the subject of this second appeal.

trust to pay for Ms. Hendrix's services while participating in the appeal.[3] The court of appeals affirmed the trial court's judgment in all respects. *Brown v. Brown*, 362 S.W.3d 508 (Mo. App. 2012).

In February 2012, Ms. Hendrix filed a motion with the trial court asking the court to order payment of fees to the guardian ad litem for services rendered on appeal. At the March 2012 hearing, Ms. Hendrix revised her fee statement increasing the amount she sought for her services in the first appeal. Father was granted additional time to respond to the revised statement, and rehearing was held on April 10, 2012. At the completion of this second hearing, the trial court entered judgment granting Ms. Hendrix's motion and awarding her a total of $6,228 in fees. The court authorized her to disburse the $2,500 in funds held in her trust account that had been deposited by Father, ordered Mother to pay $2,500 and ordered Father to pay the additional $1,228.

Father's attorney signed the payout judgment, and there is nothing in the record to show either that Father requested an evidentiary hearing on the motion for judgment to pay fees or that Father objected to the judgment. Father appealed that judgment (ED98353). After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10; Rule 83.04.

---

[3] Simultaneously with the prosecution of the appeal, Father had sought, *pro se*, a writ of prohibition with the court of appeals (ED97728) and, after its denial, one with this Court (SC92259). In those writ petitions, Father claimed that there was no authority to appoint Ms. Hendrix as guardian ad litem to appear in the appeal, to order him to advance fees to the guardian ad litem's trust account, or to require him to provide Ms. Hendrix with a copy of the transcript and legal file for purposes of the appeal. Both writ petitions were summarily denied. Father not only had an adequate remedy available to raise his claims, but he also had an appeal in progress at the time he inappropriately sought the extraordinary writ relief.

**Standard of Review**

This Court must affirm the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

**Analysis**

Father claims that the trial court erred in ordering the parties to pay Ms. Hendrix because a guardian ad litem appointed for trial court proceedings has no legal authority, statutory or otherwise, to participate in an appeal from that court's judgment. Father also asserts that, even if Ms. Hendrix was authorized to participate in the appeal, the trial court erred in ordering payment of her fees because the judgment was not supported by substantial evidence that Ms. Hendrix earned reasonable guardian ad litem fees while rendering necessary services for the benefit of the minor children.

In response to Father's argument regarding Ms. Hendrix's authority to participate in the first appeal, Ms. Hendrix argues that sections 210.830, RSMo 2000; 452.423, RSMo Supp. 2012; 452.785, RSMo Supp. 2012; chapter 507, RSMo, generally, as well as the children's due process and equal protection rights, provide authority for her participation in the first appeal and justify the award of her fees in connection with that appeal. This Court, however, need not delve into an analysis of these arguments because Father's failure to pursue this issue and any potential remedies in the trial court at the time Ms. Hendrix moved to secure costs for her work on appeal or in first appeal is dispositive of this point.

Rule 78.09 requires a party, "at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefore." Failure to do so precludes a party from obtaining appellate review of error in the trial court's ruling or order. *See Pollard v. Whitener*, 965 S.W.2d 281, 288 (Mo. App. 1998). "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535-36 (Mo. App. 1981) (party was precluded from raising on appeal claim that the trial court erred by appointing a guardian ad litem for the stated purpose of interviewing a child and investigating the child's reaction to an alleged female friend of the party when the party failed to call the trial court's attention to the claimed error or give the trial court the opportunity to rule on the question). *See also In re the Adoption of J.A.D.,* 417 S.W.3d 327, 328 (Mo. App. 2013); *In the Interest of S.R.J., Jr., v. S.R.J., Sr.,* 250 S.W.3d 402, 405 (Mo. App. 2008). This requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid "the delay, expense, and hardship of an appeal and retrial." *Pollard*, 965 S.W.2d at 288.

Father had two opportunities to challenge Ms. Hendrix's participation in the appeal in the first proceeding: (1) to the trial court, when Ms. Hendrix moved to secure costs and in essence sought the trial court's permission to spend the parties' money drafting an appellate brief, or (2) to the court of appeals, where Ms. Hendrix filed her brief and made the children's arguments. Having failed to assert his objections to

6

Ms. Hendrix's participation in the appeal in the first proceeding at either of these opportunities, he cannot raise them for the first time in a subsequent appeal to this Court. *See State ex rel. Nixon v. American Tobacco Co.,* 34 S.W.2d 122, 129 (Mo. banc 2000).

Father also contends that, even if Ms. Hendrix was authorized to participate in the first appeal, the trial court's order for payment of her fees was not supported by substantial evidence. Father cites to several court of appeals cases in support of his claim that, because Ms. Hendrix failed to put her fee statement into evidence in the record, there is no evidentiary support for the fee award.[4] However, there is nothing in the record to show that Father's counsel, who represented him at both hearings regarding

---

[4] Father cites to *Basham v. Williams*, 239 S.W.3d 717, 726 (Mo. App. 2007); *In re Morrison,* 987 S.W.2d 475 (Mo. App. 1999); and *Wightman v. Wightman*, 295 S.W.3d 183, 192 (Mo. App. 2009). In *Basham* and *Morrison*, no statement of accounting was filed with the trial court until after the hearing was held where fees were awarded. In *Wightman*, the guardian ad litem offered testimony but no written statement when evidence was adduced. These cases are factually distinguishable and not applicable to Ms. Hendrix, who was present to provide testimony and who had provided a written accounting of her fees at a hearing specifically to determine the guardian ad litem fees. While acknowledging that the trial judge is an expert in determining fees and that fees may be fixed without the aid of evidence, Father cites non-Missouri cases to argue that the trial judge is still obligated to take evidence on the reasonableness of the fees. Ms. Hendrix responds by noting that the motion for the payout order was set for hearing and a copy of her bill was attached to the motion. At the first hearing on the fees, Ms. Hendrix filed an amended statement of her expenses and Father's attorney objected on the basis of insufficient notice. A rehearing was held, and Father had a full opportunity to litigate the accounting. Father did not object at the rehearing. Father's attorney signed the judgment. Ms. Hendrix argues, *with* supporting legal authority, that the trial court is an expert on guardian ad litem fees and it can set the fees without any evidence. *Clark v. Clark*, 101 S.W.3d 323, 331 (Mo. App. 2003); *Lindell v. Coen*, 896 S.W.2d 525, 529 (Mo. App. 1995). See also *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 23 (Mo. banc 2012) ("The circuit court that tries a case and is acquainted with all the issues involved may fix the amount of attorneys fees without the aid of evidence."). This Court need not reach Father's claim of insufficient evidence regarding the amount of Ms. Hendrix's fees, however, because Father failed to preserve the issue for appellate review.

Ms. Hendrix's fees, objected to the final fee award or properly challenged the award with the trial court in any manner. "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *American Tobacco Co.,* 34 S.W.2d at 129.[5]

## Conclusion

Father seeks to challenge Ms. Hendrix's authority to participate in and to be paid for her guardian ad litem services in connection with the appeal in ED96426. For the reasons stated herein, Father is precluded from raising his claims, having failed to timely and properly pursue or preserve them. Accordingly, the appeal is denied and the judgment is affirmed.

All concur.

---

[5] While Rule 78.07(b) states that, in a court-tried case, "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review," Father cannot rely on this rule to excuse him from responsibility for failing to preserve his claim that Ms. Hendrix failed to present substantial evidence to support the fee judgment. An issue must be presented to the trial court to be preserved for appeal. *American Tobacco Co.*, 34 S.W.3d at 129; Rule 78.09.