*324 GARY W. LYNCH, J.
Thomas Harris (“Father”) appeals the trial court’s judgment granting sole physical custody of the parties’ minor child to Melanie Berlier Harris (“Mother”). In his first two points, Father challenges the trial court’s use of the language “sole physical custody” in the judgment because he claims it is inconsistent (1) with the “joint physical custody” language contained in the parenting plan incorporated by the trial court in the judgment, and (2) with what Father characterizes as the “significant periods of custody” awarded to him in that plan. Referring to those same periods of custody in his third point, Father claims that the award of such “limited physical custody” is not supported by substantial evidence. Because Father has failed to preserve any of his claims for appellate review by first raising them in the trial court, the trial court’s judgment should be affirmed.[1]

Applicable Legal Principles

“[N]o allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court.” Section 512.160.1, RSMo 2000; see also Rule 84.18. “ ‘An issue that was never presented to or decided by the trial court is not preserved for appellate review.’ ” Brown v. Brown, 423 S.W.3d 784, 788 (Mo. banc 2014) (quoting State ex rel Nixon v. Am. Tobacco Co., Inc., 34 S.W.3d 122, 129 (Mo. banc 2000)). As required by Rule 78.09, the trial court must be given the opportunity to rule on a question.[2] Brown, 423 S.W.3d at 787. Adherence to this rule assists in resolving any alleged error at the earliest possible opportunity by “allowing the trial court to rule intelligently.” Id. at 787-88. It is a critical component in the efficient and timely resolution of disputes and the conservation of the parties’ and the courts’ limited resources. Id. at 788.
Failure to make known to the court an objection to the action of the court and grounds therefor will constitute a waiver of that objection on appeal. Mayes v. Saint Luke’s Hosp. of Kansas City, 430 S.W.3d 260, 267 (Mo. banc 2014) (citing Pollard v. Whitener, 965 S.W.2d 281, 291 (Mo.App.1998) and Niederkorn v. Niederkorn, 616 S.W.2d 529, 535 (Mo.App.1981)). A properly preserved objection will identify the law with respect to the particular legal claim, provide citation to authority, and apply that law to the facts of the case. Mayes, 430 S.W.3d at 270.

Points 1 and 2

Father has failed to direct us to any place in the record on appeal where any of his claims in his first and second points were presented to or decided by the trial court. From our review, we have found nothing in the record where Father presented to the trial court any claimed inconsistencies between the “sole physical custody” language used by the trial court in the body of its judgment and the language or substantive provisions in the par *325 enting plan incorporated into that judgment.[3] Points 1 and 2 are denied.

Point 3

Similarly, Father never argued or asserted to the trial court any claimed factual or legal deficiencies in the custody provisions of the parenting plan incorporated into the judgment. At the conclusion of the trial, the trial court offered the parties an opportunity to comment on or have a further hearing upon the Guardian ad Li-tem’s (“GAL”) proposed parenting plan to be filed 'within a week thereafter. Father expressly waived both opportunities and affirmatively stated to the trial court that he would “rely” upon whatever the GAL submitted. After it was timely filed, the trial court adopted the GAL’s parenting plan and incorporated it in its judgment without any changes. Father’s failure to offer any objection to the GAL’s parenting plan or request an evidentiary hearing to challenge any of its provisions and his implied invitation for the trial court to rely upon it waives and precludes any appellate review of Father’s claim that the custody provisions in that plan, as adopted by the trial court, are not supported by substantial evidence. Brown, 423 S.W.3d at 788.[4] Point 3 should be denied.

Decision

Having failed to preserve any of his claimed trial court errors for our appellate review, Father’s appeal should be denied, and the trial court’s judgment should be affirmed on that basis. Id. at 789.

. Father’s counsel on appeal was not his trial counsel.

. Rule 78.09 provides:
Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, malees known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor, and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party.
(Emphasis added).
Rule references are to Missouri Court Rules (2014).

. Although Father filed a post-judgment motion to vacate, reopen, reconsider, and take additional evidence regarding the judgment, it contained no allegations related to any alleged inconsistency in the language used in the judgment and the parenting plan incorporated into it or any claim that the custody disposition in the judgment was not supported by substantial evidence. Rather, the grounds stated in this motion were that, as a result of the entry of the judgment, the minor child was distraught by the belief that he might have to move back to California and his school was concerned that this move would not be beneficial.
Whether an issue is procedurally required to be raised in a motion to amend to preserve it for appellate review, see Rule 78.07(c), or not, see Rule 78.07(b), an appellant must, nevertheless, comply with the Rule 78.09 requirement of presenting that issue to the trial court in order to preserve it for appellate review. Brown, 423 S.W.3d at 788 n.5. For this reason, we need not address whether Father’s omission of any of his claims on appeal in his post-judgment motion may have also violated Rule 78.07(c).

. Judge Rahmeyer’s separate opinion is correct in stating that the GAL’s parenting plan is "merely evidence.” What that opinion fails to acknowledge, however, is that once it was properly admitted into evidence, it was substantial evidence the trial court could rely upon in supporting its judgment. By submitting that plan, without objection, the GAL’s expert opinion as to the custodial arrangement in the minor child's best interest was admitted into evidence. Father's attempt to challenge that opinion on appeal as not being supported by substantial evidence is a backdoor challenge to its admissibility, in the absence of a timely objection to its logical relevance. “If a question exists as to whether the proffered opinion testimony of an expert is supported by a sufficient factual or scientific foundation, the question is one of admissibility.” Washington v. Barnes Hosp., 897 S.W.2d 611,616 (Mo. banc 1995). "It must be raised by a timely objection or motion to strike. Once opinion testimony has been admitted, as any other evidence, it may be relied upon for purposes of determining the submissibility of the case.” Id.