

# Missouri Court of Appeals
## Southern District
### Division Two

CREDIT INVESTMENTS, INC.,      )
                                        )
        Plaintiff-Appellant,         )
                                        )
vs.                                        )         No. SD34474
                                        )
CLINTON W. DIETER,         )         Filed December 12, 2016
                                        )
        Defendant-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable Cynthia Ann MacPherson

AFFIRMED

Credit Investments, Inc. ("CII"), as an alleged contract assignee, filed a petition for breach of contract against Clinton W. Dieter under the provisions of chapter 517.[1] On March 18, 2016, Dieter was personally served a summons with a copy of CII's petition attached and showing a return date and time of April 27, 2016, at 9:00 a.m.[2] On that return date and time, the trial court called the case for trial, noted that CII failed to appear, and entered judgment in favor of Dieter. CII timely appeals that judgment.

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated.

[2] Dieter was duly and timely served in accordance with the requirements of section 517.041.1, RSMo Cum.Supp. 2013. No party requested a continuance on or before the return date as allowed by section 517.071.

1

In a single point relied on, CII claims "[t]he trial court erred in calling the case for trial and hearing evidence and finding in favor of [Dieter] without the presence of [CII] or providing notice that a trial would take place by denying its right to due process." Because this claim was not raised in the trial court, it was not preserved for appellate review.

"[N]o allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." Section 512.160.1; see also Rule 84.13.[3] "'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'" *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) (quoting *State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 129 (Mo. banc 2000)). As required by Rule 78.09, the trial court must be given the opportunity to rule on a question. *Brown*, 423 S.W.3d at 787. Adherence to this rule assists in resolving any alleged error at the earliest possible opportunity by "allowing the trial court to rule intelligently." *Id.* at 787–88. It is a critical component in the efficient and timely resolution of disputes and the conservation of the parties' and the courts' limited resources. *Id.* at 788.

Failure to make known to the court an objection to the action of the court and grounds therefor will constitute a waiver of that objection on appeal. *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (citing *Pollard v. Whitener*, 965 S.W.2d 281, 291 (Mo.App. 1998) and *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535 (Mo.App. 1981)). A properly preserved objection will identify the law with respect to the particular legal claim, provide citation to authority, and apply that law to the facts of the case. *Mayes*, 430 S.W.3d at 270.

---

[3] All rule references are to Missouri Court Rules (2016).

Later in the day on April 27, CII filed a motion for reconsideration and to set aside the judgment. That motion, however, did not raise any claim that the trial court's entry of the judgment violated due process, as CII now claims on appeal. CII filed nothing else with the trial court before filing its notice of appeal.

Having failed to preserve its claimed trial court error for our appellate review, CII's appeal is denied, and the trial court's judgment is affirmed.[4] ***Brown***, 423 S.W.3d at 789.

GARY W. LYNCH, P.J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – concurs in separate opinion

WILLIAM W. FRANCIS, JR., J. – concurs

---

[4] Section 517.051 provides "[e]very case *shall* be tried upon the return date of the summons, when the summons has been duly and timely served, or on a date to which the case has been continued." (Emphasis added). While we do not reach the merits of CII's point, we make two observations about CII's argument in support of its point. First, CII only addresses this section once and, without any explanation or citation to legal authority, purports to minimize its applicability by claiming that it "allows that a case *may* be called for trial at the first hearing," (emphasis added), seemingly implying that if the trial court elects to do so, it must give prior notice of such election. Second, CII offers no explanation why the facially mandatory language used in this section did not legally provide it reasonable notice that the case would be called for trial on the return date and time.



# Missouri Court of Appeals

## Southern District

### Division Two

CREDIT INVESTMENTS, INC., )
                                           )
     Plaintiff-Appellant, )
                                           )
vs. )     No. SD34474
                                           )
CLINTON W. DIETER, )     Filed December 12, 2016
                                           )
     Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable Cynthia Ann MacPherson, Judge

### **CONCURRING OPINION**

CII opted to file in the associate division, triggering advantages to itself as a creditor-plaintiff under Chapter 517 generally and § 517.051 in particular, including a chance to take judgment on the return date if Dieter did not appear. CII offers no due-process concern as to *that* procedure, so I cannot credit its due-process complaint about a judgment for Dieter when CII (who had sued and bore the burden of proof) failed without excuse to appear on the return date, under a statute CII had chosen to invoke and does not contend is invalid in whole or in part. For this reason and those in the principal opinion, I concur.

DANIEL E. SCOTT, J. – CONCURRING OPINION AUTHOR

1