

# Missouri Court of Appeals

## Southern District

### Division Two

KRISTY RUNK BRYAN, )
)
          Respondent, )
)
  vs. ) No. SD35764
)
WILLIAM T. BRYAN, JR., ) FILED: September 11, 2019
)
          Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jerry A. Harmison, Jr., Judge

## **AFFIRMED**

(Before Scott, P.J., Bates, C.J., and Burrell, J.)

PER CURIAM. Kristy and Bill Bryan divorced in 2004. Their separation agreement, made part of the decree, established responsibilities for their children's health-insurance costs and required each parent to pay 50% of college costs through graduate or professional school, less "other aid that reduces cost."[1]

In 2017, Kristy moved the court to determine Bill's arrearages.[2] After months of proceedings and a contested hearing, the court entered a judgment that

---

[1] Specifically, Paragraph 3(B)(b) of the parenting plan based each parent's 50% share on "the actual cost to the child, i.e., if the child receives a scholarship or other aid that reduces cost, the 'cost' does not include the amount of such scholarship or aid. For this purpose, loans to the student shall not be considered a 'scholarship or other aid.'"

[2] The parties have referred to themselves and their now-adult children by first names throughout these proceedings. We do likewise.

Bill pay Kristy $44,777 for Bill's share of daughter Sara's vet-school expenses; reimburse Kristy $2,345 for daughter Lexi's educational expenses; and reimburse Kristy $17,822 for the children's health-insurance costs.[3]

Bill appeals, challenging these awards. We affirm.

### Standing (Point 1)

Point 1 charges that Kristy had no standing to sue for education expenses after a child reached age 21 "in that she had no legal obligation to provide such support, and thus her payments for those expenses were voluntary." Yet the stated premise fails – Bill later concedes that he and Kristy *were* legally bound to provide educational support beyond age 21, having contracted to do so in their separation agreement, which the court also incorporated into its decree. This distinguishes Bill's citation to **Meyer v. Meyer**, 77 S.W.3d 40 (Mo. App. 2002), where the parents had no such legal obligation. *Id*. at 42. In any event, absent supporting authority, Bill does not persuade us that Kristy has no legal standing regarding a bilateral agreement to which she was a contracting party, a principal, and judicially bound as a litigant. We deny Point 1 and, without addressing them further, those subparts of Points 2 and 3 incorporating Point 1 by reference.[4]

### Expenses for Health Insurance & Lexi's Education (Points 3 & 4)

We take these points out of order and begin with Point 4, which in lay terms asserts that the court awarded the wrong figure for health-insurance costs.

As background, Exhibits 2, 2-A, 2-B, 2-C, and 2-D, totaling hundreds of pages, were admitted without objection in support of Kristy's original claims, including $17,822 for health-insurance costs. Kristy also testified and answered

---

[3] We use whole dollars for all figures. Proceedings were tried before a commissioner whose findings and recommendations were adopted by the trial court. We refer to the commissioner and adopting court collectively as the "trial court" or "court." Kristy's request that Bill be found in contempt of court was denied.

[4] Here and throughout, we have disregarded attempts to broaden the scope of Bill's points relied on via argument or reply brief. *See* **Adkins v. Hontz**, 337 S.W.3d 711, 718 n.5 (Mo.App. 2011)(reply brief); **State v. Daniels**, 221 S.W.3d 438, 442 n.4 (Mo.App. 2007)(oral argument); **Pearman v. Dep't of Soc. Services**, 48 S.W.3d 54, 55 (Mo.App. 2001)(argument portion of brief; reply brief).

the court's questions about those claims and exhibits. In later testimony, Kristy "corrected" her health-insurance claim down to $15,614.

The court took the case under advisement for eight months, during which the parties filed briefs and had a conference call with the court. The court then sent counsel an "opinion letter" outlining its intended awards, which included Kristy's first figure of $17,822 for health-insurance costs, and asked the parties to contact the court if they believed any amount had been overlooked.

Bill wrote back and took issue with three rulings, but not the $17,822 for health insurance. After formal judgment, Bill moved to eliminate (not reduce) the $17,822 health-insurance award for wholly-different reasons than Point 4 now asserts. Having thus missed two opportunities to put current Point 4 before the trial court, Bill has not preserved it for appeal. Rule 78.07(b).[5]

Point 3 is similar and fails in part for similar reasons. Kristy initially sought $2,345 reimbursement for Lexi's educational expenses; that evidentiary support was admitted without objection; Kristy later "corrected" her claim down to $1,674; the court's opinion letter proposed to award Kristy's first number; Bill replied to that letter and later moved to eliminate (not reduce) this $2,345 award without ever mentioning Kristy's "corrected" figure or claiming it should control and thus did not preserve what he now asserts as Point 3.

We deny these points and affirm these awards.

### Discount for Aid that Reduces Cost (Point 2)

Bill charges error in awarding $44,777 for Sara's vet-school costs in that, to quote Point 2, "a substantial part of Sara's education expenses were paid by Kristi's

---

[5] Bill's contrary arguments are not persuasive. All figures came into the record without objection and, thus, without trial error. The correctible error, if any, first appeared in the court's opinion letter. Bill's failure to raise his current complaint then or in his motion to modify the judgment leaves it unpreserved under Rule 78.07(b) and prior case law:

> It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question. This requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid the delay, expense, and hardship of an appeal and retrial.

***Brown v. Brown***, 423 S.W.3d 784, 787-88 (Mo. banc 2014)(citations and internal punctuation omitted).

[sic] mother, which was 'aid that reduces cost' as set forth in Paragraph 3(B)(b) of the parties' parenting plan, as incorporated into the judgment, and therefore Kristi [sic] did not personally incur that expense." Bill urges us to reduce Sara's $86,274 expenses by Kristy's mother's payments ($39,000), leaving Bill's 50% obligation only $23,636 by his calculation.

This point also is unpreserved. Bill asserts otherwise, citing Kristy's testimony regarding her mother's payments, the dissolution decree in evidence ("aid that reduces cost"), and paragraph #1 of Bill's reply to the court's opinion letter. But neither that paragraph #1, nor the rest of Bill's reply, nor his post-trial motion said anything about his current "aid that reduces cost" argument or the discount he now calculates and seeks on appeal. Further, Bill cites no authority for his idea that a mere presence of evidence in the trial record (as opposed to a party objecting, arguing, or otherwise alerting the trial court to a purported legal significance of that evidence) serves to preserve a not-supported-by-substantial-evidence claim. "An issue must be presented to the trial court to be preserved for appeal." ***Brown***, 423 S.W.3d at 788 n. 5. *See also* Rule 78.07(b)(in non-jury case, after-trial motion not needed "to preserve any matter for appellate review if the matter was previously presented to the trial court.").

Notwithstanding note 4 *supra*, we would be remiss not to expressly reject Bill's reply-brief assertion that the court itself preserved this issue by engaging in this colloquy with Kristy after both parties rested:

> [THE COURT]: —why shouldn't those payments made by your mother be considered some sort of aid for Sara and deducted off the top and then you and the father pay the remaining balance?

> [KRISTY]: Those payments were to help me make sure Sara had full coverage. She did it to help me, and I don't think Bill should get the benefit of my parents stepping up to the plate.

By analogy, compare preservation of trial objections. One party objects. Colloquy follows. The court considers the issue. This preserves nothing for appeal by other parties who do not join the objection or likewise lay claim to that issue. *See **T.S. v. P.S.***, 797 S.W.2d 837, 841 (Mo.App. 1990). Bill heard the quoted

colloquy, but never laid claim to the "aid that reduces cost" issue then or in reply to the court's opinion letter or in moving to amend the judgment. Only on appeal.

Point denied. Judgment affirmed.