

# Missouri Court of Appeals
## Western District

DOROTHY MUKANJIRI,

   Appellant-Respondent,

v.

BLUE CROSS BLUE SHIELD OF
KANSAS CITY,

   Respondent-Appellant.

)
) **WD86748 consolidated with**
) **WD86754**
)
) **OPINION FILED:**
)
) **July 8, 2025**
)
)
)
)

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Bryan Round, Judge**

**Before Division Three: Edward R. Ardini, Jr., Presiding Judge,
Alok Ahuja, Judge, and Thomas N. Chapman, Judge**

Following a jury trial in the Circuit Court of Jackson County, judgment was

entered in favor of Defendant Blue Cross Blue Shield of Kansas City ("Blue KC") on

Plaintiff Dorothy Mukanjiri's ("Mukanjiri") claims under the Missouri Human Rights Act

("MHRA"). Mukanjiri appeals, arguing that the trial court erred in denying her request

that the jury be allowed to take notes during trial. Blue KC also filed a notice of appeal,

arguing that the trial court erred in denying Blue KC's motion for attorney's fees. The

appeals were consolidated. Regarding Mukanjiri's appeal, the judgment is affirmed. Blue KC's appeal is dismissed.

## Background

In June of 2021, Mukanjiri filed a three-count Petition for Damages alleging that Blue KC had engaged in unlawful discrimination against Mukanjiri based on her race (Count I) and sex (Count II) and that Blue KC had engaged in unlawful retaliation (Count III) under the MHRA.

Trial occurred over seven days in August of 2023. The jury returned a verdict in favor of Blue KC on Mukanjiri's claims. On September 18, 2023, the trial court entered judgment in favor of Blue KC.

On October 17, 2023, Mukanjiri filed a motion for a new trial in which Mukanjiri argued, *inter alia*, that the trial court erred in refusing to allow the jury to take notes.

On October 18, 2023, Blue KC filed a motion for attorney's fees.

On November 15, 2023, the trial court entered an order that denied Mukanjiri's motion for new trial.

On November 15, 2023, the trial court entered an order that denied Blue KC's motion for attorney's fees. This order was not denominated a judgment.

On November 20, 2023, Mukanjiri timely filed a notice of appeal from the trial court's judgment.

On November 28, 2023, Blue KC filed a notice of appeal that sought to appeal the trial court's denial of its motion for attorney's fees.

2

**Analysis**

Mukanjiri raises a single point on appeal, contending that the trial court erred in denying her request that the jury be allowed to take notes during trial. In the sole point raised in Blue KC's appeal, Blue KC argue that the trial court erred in denying Blue KC's motion for attorney's fees because Mukanjiri's case was without foundation.

**Mukanjiri's Point Relied On**

In her sole point on appeal, Mukanjiri argues that the trial court erred in denying her request that the jury be allowed to take notes during trial because Rule 69.03 requires the trial court to permit juror note-taking if requested by a party.

In relevant part, Rule 69.03 provides: "Upon the court's own motion or upon the request of any party, the court shall permit jurors to take notes." This rule makes clear that the trial court must permit jurors to take notes when a party requests that the jurors be permitted to take notes.

However, "a party seeking the correction of error must stand or fall on the record made in the circuit court." *Petersen v. State*, 658 S.W.3d 512, 516 (Mo. banc 2022) (citation and brackets omitted). Mukanjiri fails to direct this court to any point in the record where she requested that the trial court allow juror note-taking, where the trial court was presented with any grounds for such a request, or where the trial court ruled on such a request.

To preserve a claim of error, "an objection must be made contemporaneous with the purported error with sufficient specificity to apprise the trial court of the grounds for

3

the objection." *State v. Phillips*, 687 S.W.3d 642, 649 (Mo. banc 2024) (internal quotations and citations omitted). "Rule 78.09 requires a party, 'at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and the grounds therefore.'" *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014) (quoting Rule 78.09). "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Id.* (citation omitted). "This requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid the delay, expense, and hardship of an appeal and retrial." *Id.* at 787-88 (internal quotations omitted).

In this matter, Mukanjiri has not provided any citation to the trial record that reveals an instance where she requested that the jury be allowed to take notes during the trial, an instance where she provided the trial court with any grounds for such a request, or an instance where the trial court denied that request. Mukanjiri argues that she verbally requested that the jury be allowed to take notes during multiple pre-trial conferences, and that her requests were denied. In support of this proposition, Mukanjiri cites only to her motion for new trial. However, notwithstanding this claim in her motion for new trial, the record simply does not indicate that Mukanjiri ever made a request for juror note-taking. Mukanjiri additionally argues that she preserved her claim of error through the pre-trial submission of her proposed jury instructions. She specifically

4

asserts that her proposed instruction modeled after MAI 2.01, which is read to the jury at the start of the trial, included an optional paragraph regarding juror note-taking.[1] However, simply proposing an instruction more than one year prior to trial that includes an optional paragraph that *might* be applicable does not operate as a substitute for making a request under Rule 69.03. Indeed, prior to the trial court's reading this instruction to the jury, there is nothing in the record that references Rule 69.03 or that could be construed as a request for juror note-taking.[2]

Generally, Rule 84.13(a) provides that "allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case." Rule 84.13(a). Consistent with this rule, the Missouri Supreme Court has stated that "there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Barkley v. McKeever Enterprises, Inc.*, 456 S.W.3d 829, 839 (Mo. banc 2015) (citation omitted). Rule 84.13(c) provides appellate courts with discretion to consider plain errors affecting substantial rights "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." We decline plain error review, as we discern no basis in the record from which to find that a manifest injustice or miscarriage of justice has resulted.

---

[1] The record also includes an instruction modeled after MAI 2.01 that was submitted by Mukanjiri and did not include the optional paragraph related to juror note-taking.

[2] In the absence of a request under Rule 69.03, the trial court committed no error by not including the optional paragraph related to juror note-taking in the instruction it read to the jury.

Mukanjiri's point on appeal is denied.[3]

## Blue KC's Point Relied On

In its sole point on appeal, Blue KC argues that the trial court erred in denying

Blue KC's motion for attorney's fees. Blue KC's appeal is dismissed for lack of a final

and appealable judgment.

Although we received no arguments in this appeal that Blue KC's appeal should

be dismissed for lack of a final judgment, an appellate court has a *sua sponte* duty to

determine its jurisdiction in every appeal. *Cook v. Griffitts*, 498 S.W.3d 855, 857 (Mo.

App. W.D. 2016) (citation omitted).

The right to appeal is statutory. *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767

(Mo. banc 2020). Unless a statutory provision confers a right to appeal under other

applicable circumstances,[4] a final judgment is a prerequisite to appellate review. *Id.*; §

512.020(5). For purposes of section 512.020(5), a final judgment necessarily must be a

judgment. *Wilson*, 600 S.W.3d at 771. Rule 74.01(a) provides that "[a] judgment is

entered when a writing signed by the judge and denominated 'judgment' or 'decree' is

---

[3] In her briefing, Mukanjiri makes additional arguments regarding when courts are required to give certain instructions. However, these arguments are outside of the scope of her point relied on. Her point relied on challenges the trial court's action in refusing a request to allow juror note-taking. The point on appeal does not challenge the refusal to give an instruction. Arguments in a brief are limited to the errors included in the points relied on. Rule 84.04(e). "[C]laimed errors that are raised only in the argument portion of the brief but not contained in a point relied on are not preserved for our review." *See Maxwell v. Div. of Emp. Sec.*, 671 S.W.3d 742, 751 (Mo. App. W.D. 2023) (citation omitted).

[4] *See, e.g.,* § 512.020.

filed."[5] An order – even an order that might otherwise qualify as a judgment – must meet these formal requirements before it is a judgment. *Wilson*, 600 S.W.3d at 771 n.9 (citing Rule 74.01(a) for the proposition that a final judgment for purposes of section 512.020(5) "must be in writing, signed by the judge, and expressly denominated a judgment").[6]

In this matter, Blue KC's jurisdictional statement asserts that we have jurisdiction because Blue KC filed a notice of appeal within ten days of Mukanjiri's notice of appeal such that Blue KC's notice of appeal would be a timely cross-appeal pursuant to Rule 81.04(c). Blue KC's notice of appeal indicated that Blue KC was appealing the trial court's September 18, 2023 judgment, but also indicated that it was appealing the November 15, 2023 order denying Blue KC's motion for attorney's fees. Blue KC attached both the September 18, 2023 judgment and the November 15, 2023 order denying fees to its notice of appeal. Blue KC's notice of appeal thus indicated that Blue KC believed that the November 15, 2023 order denying fees was incorporated into the

---

[5] In full, Rule 74.01(a) provides:

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.

[6] The requirement that a judgment be denominated a judgment has not been held to prevent an appeal where a party seeks to assert a right to appeal based on a statute expressly authorizing an appeal of an interlocutory order. *See Meadowfresh Solutions USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 762 (Mo. banc 2019).

trial court's September 18, 2023 judgment. *See, e.g., State ex rel. Koster v.*

*ConocoPhillips Co.*, 493 S.W.3d 397, 401 (Mo. banc 2016) ("[A] final judgment

necessarily incorporates all prior orders or judgments that adjudicated some – but fewer

than all – of the claims and the rights and liabilities of all the parties. This is so

regardless of whether such incorporation is addressed explicitly (or implicitly) in the final

judgment itself.").

However, Rule 74.16 (which became effective July 1, 2022) provides:

(a) Claim to be made by motion. **A claim for attorney fees and related nontaxable expenses must be made by motion filed under this Rule 74.16**, unless the substantive law requires those fees to be proved at trial as an element of damages.

(b) Motions and proceedings thereon.

(1) Time for filing. A motion seeking attorney fees under this Rule 74.16 must be filed no later than 30 days after the entry of judgment on the underlying claim.

(2) Contents of the motion. The motion must specify the statute, rule, or other ground entitling the movant to the award and state the amount sought.

(3) Nature of the motion. Except for purposes of Rule 51.05(a), **a motion filed under this Rule 74.16 is an independent action** and not an authorized after-trial motion subject to Rules 78.04, 78.06, or 81.05.

(emphasis added). As the language of Rule 74.16 indicates, subject to a limited exception

not applicable here,[7] a "claim for attorney fees" "must be made by motion filed under this

---

[7] *Wiseman* previously addressed whether claims under the MHRA fall within the exception in Rule 74.16(a) – which pertains to circumstances where "the substantive law requires [such] fees

Rule 74.16[.]" Rule 74.16(a). With a limited exception not applicable here, Rule 74.16(b)(3) makes clear that "a motion filed under this Rule 74.16 **is an independent action** and not an authorized after-trial motion[.]" (emphasis added).

In the same manner that motions for attorney's fees are now declared by Supreme Court Rule to be independent actions by Rule 74.16(b)(3), motions to set aside a default judgment are declared by Supreme Court Rule to be independent actions under Rule 74.05(d). Missouri courts interpreting Rule 74.05(d) have long held that these independent actions require independent judgments that must meet the requirements of a judgment under Rule 74.01(a) before a trial court's ruling on such a motion is final and appealable. *See Harris v. Dep't of Corr.*, WD87060, 2025 WL 1497621, at *3-4 (Mo. App. W.D. May 27, 2025); *see also Steele v. Johnson Controls, Inc.*, 688 S.W.3d 192, 200 (Mo. banc 2024) ("[T]his Court's 2007 amendment to Rule 74.05(d) provides a motion to set aside a default judgment is an independent action resulting in an independent judgment[.]"); *Robertson v. Rosner*, 641 S.W.3d 436, 439-40 (Mo. App. W.D. 2022); *Cook*, 489 S.W.3d at 858.[8]

In other words, Missouri law is clear that a motion that is expressly declared by Supreme Court Rule to be an independent action must be resolved by an independent

---

to be proved at trial as an element of damages" – and found that MHRA claims do not present such a circumstance. *Wiseman v. Missouri Department of Corrections*, 710 S.W.3d 29, 36 n.6 (Mo. App. W.D. 2025).

[8] "The same requirement for entry of a 'judgment' complying with Rule 74.01 is applicable in connection with motions for relief from judgment under Rule 74.06(b)." *Robertson*, 641 S.W.3d at 440 n.1 (citing *State v. Wright*, 499 S.W.3d 361, 367 (Mo. App. W.D. 2016)).

judgment that meets the requirements of Rule 74.01(a) before it is final and appealable[9] –

a principle made clear by cases interpreting Rule 74.05(d). *See Harris*, 2025 WL

1497621, at \*3-4; *Steele*, 688 S.W.3d at 200; *Robertson*, 641 S.W.3d at 439-40; *Cook*,

489 S.W.3d at 858.

Here, the trial court entered judgment on Mukanjiri's MHRA claims on September

18, 2023. Subsequently, Blue KC moved for attorney's fees. Blue KC's claim for

attorney's fees was an independent action pursuant to Rule 74.16(b)(3). On November

15, 2023, the trial court entered an order denying Blue KC's motion. However, the trial

court's November 15, 2023 order denying Blue KC's motion was not denominated a

judgment. Because it did not meet the formal requirements of Rule 74.01(a), the trial

court's order was not a judgment and therefore could not become a final judgment for

purposes of section 512.020(5). *See Wilson*, 600 S.W.3d at 771 & n.9. Consequently, we

must dismiss Blue KC's appeal for lack of a final judgment.

We do recognize that Blue KC moved for attorney's fees pursuant to section

213.111.2. Section 213.111.2 authorizes trial courts to award attorney's fees to a

prevailing party in actions brought under section 213111.1. However, the applicability of

Rule 74.16 to claims brought under section 213.111.1 was previously addressed in

*Wiseman v. Missouri Dep't of Corrections*, 710 S.W.3d 29 (Mo. App. W.D. 2025).

*Wiseman* rejected an argument that section 213.111.2 provided a trial court with authority

---

[9] At least insofar as a party is claiming a right to appeal from a final judgment in a case under
section 512.020(5) rather than a separate statutory right to appeal.

to award attorney's fees in an action brought under section 213.111.1 in response to a pleading because Rule 74.16 required that such claims for fees must be made by motion in an independent action brought under Rule 74.16. *Wiseman*, 710 S.W.3d at 36-37. *Wiseman* held that this requirement that an independent action be initiated prior to the trial court's exercise of its express statutory authority under section 213.111.2 was merely a matter of procedure rather than a substantive change in the law. *See Wiseman*, 710 S.W.3d at 36-37. As it has already been decided that a trial court no longer has authority to award fees in an action brought under section 213.111.1, but only has authority to award attorney's fees (as authorized by section 213.111.2) upon the initiation of a timely independent action brought by motion under Rule 74.16, *see Wiseman*, 710 S.W.3d at 36-37, we adhere to this precedent.

Blue KC's appeal is dismissed.

### Conclusion

Regarding Mukanjiri's appeal, the judgment is affirmed. Blue KC's appeal from the trial court's order denying attorney's fees is dismissed for lack of a final judgment.

_____
Thomas N. Chapman, Judge

All concur.

11