

# Missouri Court of Appeals

## Southern District

### Division Two

In re the Adoptions of J.L.D., C.M.D.,    )
M.J.D., and H.E.D.,    )
   )
JASPER COUNTY JUVENILE OFFICE, )
   )
     Petitioner-Respondent,    )
   )
vs.    )    No. SD33310
   )
N.M.D., Natural Mother,    )    **Filed: October 14, 2014**
   )
     Respondent-Appellant.    )


APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Judge Gayle L. Crane, Circuit Judge

**<u>AFFIRMED</u>**

N.M.D. ("Mother") appeals from the trial court's order terminating her parental rights in her four minor children. Mother claims the trial court's judgment should be reversed because the trial court failed to comply with Section 211.459.[1] Mother's claim is not preserved for appellate review, so we affirm the trial court's judgment.

---

[1] Section 211.459 deals with the dispositional hearing in a termination of parental rights case under Chapter 211 and requires, among other things, that the dispositional hearing be held within thirty days after the meeting required by Section 211.455.1. § 211.459.1 ("[w]ithin thirty days after the juvenile officer and the court have met pursuant to Section 211.455, the court shall hold the dispositional hearing"). Section 211.455 provides that "[w]ithin thirty days after the filing of the petition, the juvenile officer shall meet with the court in order to determine that all parties have

## **Factual and Procedural Background**

Mother does not challenge the trial court's findings regarding the grounds for termination or that termination was in the children's best interest. Thus, we discuss only the facts relevant to Mother's procedural claim.

The children were taken into protective custody during the summer of 2011 because the home in which they were living was not sanitary and the children lacked proper supervision. The children were placed with D.L.D. ("Grandfather") and L.S.D. ("Grandmother").

On August 16, 2013, Grandfather and Grandmother filed a petition for adoption. Count I of the petition alleged Mother's consent to the adoptions was not necessary under Chapter 453 because Mother had failed to provide the children with necessary care and protection.[2] Count I also requested transfer of custody and termination of parental rights under Chapter 453. Count II sought termination of Mother's parental rights based on multiple grounds under Chapter 211.[3] Count III was for adoption of the children.[4] On August 23, 2013, the

---

been served with summons and to request that the court order the investigation and social study."
§ 211.455.1. Unless otherwise indicated all statutory references are to RSMo (2000).
[2] Section 453.040(7) provides that the consent of the natural parent is not required for adoption if the parent:

> [h]as for a period of at least six months, for a child one year of age or older, or at least sixty days, for a child under one year of age, immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection[.]

§ 453.040(7).
[3] Section 211.447 governs when a petition for termination of parental rights may be filed. Here, the trial court found the failure to rectify ground had been proven. Failure to rectify is a ground for termination of parental rights laid out in Section 211.447.5(3). That subsection provides as follows:

> The child has been under the jurisdiction of the juvenile court for a period of one year, and the court finds that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, that there is little likelihood that those conditions will be remedied at an

children's father filed a consent to terminate his parental rights with respect to each of the children. On August 27, 2013, the trial court ordered an investigation and social summary.

The dispositional hearing was held on February 4, 2014.[5] At the beginning of the hearing, Mother's attorney requested a continuance. In support, he argued there had not been a report filed in the case since October and Mother needed more time to mount a defense. The trial court denied Mother's motion for a continuance. Mother did not object to the timing of the hearing based on the requirements of Section 211.459.

The trial court entered its judgment on March 6, 2014. The trial court first found Mother's consent for adoption was not required under Section 453.040(7) because Mother had neglected to provide the children with necessary care and protection. The trial court then also made findings regarding failure to rectify under Section 211.447, RSMo Cum. Supp. (2013). The trial court further concluded that termination of Mother's parental rights was in the children's best

---

early date so that the child can be returned to the parent in the near future, or the continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home.
§ 211.447.5(3).

[4] This pleading of alternative claims is permissible under Section 211.447.9, RSMo Cum. Supp. (2013), which provides that "[i]n actions for adoption pursuant to chapter 453, the court may hear and determine the issues raised in a petition for adoption containing a prayer for termination of parental rights filed with the same effect as a petition permitted pursuant to subsection 2, 4, or 5 of this section."

[5] It appears there is some confusion regarding the use of the term "dispositional hearing" with respect to proceedings under Chapter 211. Section 211.181 discusses when a court may enter an order for "disposition or treatment of child" by placing the child under supervision and providing various options for that disposition. This has led some practitioners to call the initial hearing taking custody of the child the "dispositional hearing." However, Section 211.459 discusses the holding of a "dispositional hearing" later in the proceeding, after the filing of a petition for termination of parental rights. Yet, after the "dispositional hearing" mentioned in Section 211.459, "the court may terminate the rights of the parent in and to the child." § 211.477. As Mother's claim is based on Section 211.459, we use the term "dispositional hearing" to refer to the hearing after which the court is authorized to order termination of parental rights if the proper showing has been made.

interest. The trial court ordered Mother's parental rights terminated. Mother appeals.

## Discussion

In her sole point on appeal, Mother argues "the trial court erred in terminating Mother's parental rights, because the trial court failed to comply with the mand[a]tory provisions of Mo. Rev. Stat. § 211.459, in that the dispositional hearing did not take place within thirty (30) days of the § 211.455 meeting between the juvenile officer and the trial court." Mother failed to preserve this claim for appellate review when she did not raise it to the trial court.

Generally speaking, "[t]he requirements of section 211.455 are mandatory[.]" *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 811 (Mo. banc 2011). "When a court fails to strictly comply with applicable provisions of chapter 211, the failure constitutes reversible error." *Id.* However, "[i]t is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *In re Adoption of J.A.D.*, 417 S.W.3d 327, 329-30 (Mo. App. S.D. 2013) (quoting *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535 (Mo. App. E.D. 1981)). Thus, "[a] claim of error not presented to the trial court is not preserved for appellate review[,]" and this Court is within its discretion to deny the claim without further consideration. *Id.* at 330.

Here, Mother did not object to the trial court's failure to comply with Section 211.459. In fact, on the day of trial, Mother herself requested a continuance for other reasons. Mother's claim is not preserved, and she does not

4

request plain error review under Rule 84.13(c), Missouri Court Rules (2014).[6] Additionally, Mother makes no claim she suffered any manifest injustice or miscarriage of justice due to the delay in holding the dispositional hearing.

Mother's sole point is denied.

## Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS

---

[6] That rule provides that: "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."  Rule 84.13(c), Missouri Court Rules (2014).