MARY W. SHEFFIELD, J.
T.S.H. ("Mother") appeals a judgment that terminated her parental rights to I.K.H. ("Child"). As grounds for termination, the trial court found that Mother had abused or neglected Child, Mother was an unfit parent, and Mother had abandoned Child. Because only one statutory ground for termination is needed to affirm the judgment, and Mother has not preserved a challenge to the parental-unfitness ground, the judgment must be affirmed.[1] We remand for the trial court to rule on Mother's attorney's request for fees on appeal.[2]
Standard of Review
"An appellate court reviews whether clear, cogent, and convincing evidence supports termination under Murphy v. Carron , 536 S.W.2d 30 (Mo. banc 1976). Therefore, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." In Interest of Z.L.G. , 531 S.W.3d 653, 655 (Mo. App. S.D. 2017) (internal citations and quotations omitted).
Factual and Procedural Background[3]
Child was born in early April 2016. Mother tested positive for methamphetamine *631 that day, as did Child within eight hours of being born. A newborn crisis assessment was performed, and Child was taken into protective custody. Child had withdrawal symptoms over the first two to three months of his life, including excessive shaking, crying, and difficulties being consoled. Mother had previously tested positive for methamphetamine in December 2015, while she was pregnant with Child.
On May 5, 2016, a Family Support Team ("FST") meeting was held, and Mother saw Child for the first time since his birth. Mother was offered a written service agreement that outlined the steps she needed to take in order to get Child back. Mother refused to sign the agreement, explaining that she wanted her attorney to review it before she signed. Mother was asked to touch base with FST members regarding the issue, but Mother made no contact although she was incarcerated only 10 of Child's first 50 days of life.
Based on initial court orders after Child was taken into care and prior to Mother's incarceration, Mother was allowed to have weekly supervised visits with Child in two, two-hour blocks, provided Mother passed a drug screen. A drug screen was scheduled for May 11, 2016, but Mother did not appear. Mother was not incarcerated at that time, and was told that her failure to appear would be treated as a positive result. Mother made no attempt to arrange a drug test nor did she sign up for drug rehab and never saw Child after the first FST meeting. During the time Mother was not incarcerated, she was physically able to work. Still, she failed to: (1) find appropriate housing for Child; (2) provide any baby supplies or diapers for Child; (3) provide any money for Child's support; or (4) sign up for parenting classes.
Since May 29, 2016, Mother has been incarcerated, either in county jails or state correctional centers. Mother will remain incarcerated until at least 2020, at which point Child will be four years old. The children's service worker testified that services would not help Mother reunify once she is released because she had not taken advantage of any services before she was incarcerated. Child has no bond with Mother, and does not know who Mother is. Mother has never requested to speak to Child over the phone. Mother was ordered to pay $2 per month in child support. As of the morning of the termination hearing, Mother had not paid any child support, nor had she ever offered any in-kind support, such as food, clothing, medical care, or gifts. Mother had sent Child "two or three cards."[4]
The petition to terminate Mother's parental rights was filed in July 2016, alleging abandonment, abuse and neglect, and parental unfitness. Based upon the aforementioned evidence, the trial court found that: (1) Mother had abused or neglected Child pursuant to § 211.447.5; (2) Child was an abandoned infant pursuant to § 211.447.2(2)(b); and (3) pursuant to § 211.447.5(6)(a), Mother was unfit to be a party to the parent-child relationship. Mother did not file a post-trial motion. This appeal followed.
Discussion
Point 1
As relevant here, Mother's first point asserts that the parental-unfitness finding "violates [Mother's] right to due process of law" because § 211.447.5(6)(a)
*632 was not alleged in the petition to terminate parental rights.[5] The Department of Social Services, Children's Division, responds that this argument is waived because it was never presented to the trial court. In her reply brief, Mother argues that the due process violation first arose with the trial court's judgment, so the first opportunity to address this argument is on appeal.
"Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." In re Adoption of C.M.B.R. , 332 S.W.3d 793, 814 (Mo. banc 2011) (internal quotations omitted) (abrogated in part on unrelated grounds by S.S.S. v. C.V.S. , 529 S.W.3d 811 (Mo. banc 2017) ). This is so by court rule, statute, and controlling case law. See Jones v. Jones , 536 S.W.3d 383, 386 (Mo. App. S.D. 2018). As provided by Rule 78.09, the trial court must be given the opportunity to rule on a question. Brown v. Brown , 423 S.W.3d 784, 787 (Mo. banc 2014). This prerequisite is intended to avoid error by granting the trial court an opportunity to intelligently rule on the question while avoiding the expense, delay, and hardship of an appeal and retrial. Id. at 787-88. Compliance is particularly essential for procedural claims that the trial court could have remedied if given the chance and likewise for constitutional claims, which are waived if not raised at the earliest opportunity. Matter of A.L.R. , 511 S.W.3d 408, 413 (Mo. banc 2017) ; Willits v. Peabody Coal Co., LLC , 400 S.W.3d 442, 452 (Mo. App. E.D. 2013). Further, with exceptions not applicable here, § 512.160 provides that "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." § 512.160.1.
Here, even if this Court accepts Mother's argument that the first opportunity to raise this issue was after the judgment was entered, it does her no good. Mother is correct that she was not required to file a post-trial motion, but she did have the opportunity to file a post-trial motion. She simply chose not to do so. Rule 78.07 provides that "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review if the matter was previously presented to the trial court. " Rule 78.07(b) (emphasis added).[6] Mother's complaint is waived and may not be raised for the first time on appeal. A.L.R. , 511 S.W.3d at 410. Accordingly, point 1 is denied. As we will affirm the judgment if even one ground for termination survives appeal, Z.L.G. , 531 S.W.3d at 655-56, and Mother has not preserved a challenge to the unfitness ground, the judgment must be affirmed.[7]
While the foregoing discussion disposes of Mother's points on appeal, one *633 matter requires further attention. Mother's attorney, pursuant to 13 CSR 40-30.020, filed a motion for approval of attorney fees in excess of the regulatory maximum. This motion complies with our local rules, which provide in pertinent part that a "party claiming an amount due for attorney's fees on appeal pursuant to contract, statute, or otherwise must file a motion containing such request before submission of the cause." Special Rule 14 of the Missouri Court of Appeals, Southern District. Special Rule 14 does not, however, "prevent this Court from remanding the case to the trial court to determine the amount of attorney's fees, if any, to be awarded." Id. Indeed, we have the authority to remand the case to the trial court for consideration of attorney fees, In re C.W. , 257 S.W.3d 155, 159 (Mo. App. E.D. 2008), and find that approach prudent here because the record before us on the issue is not sufficiently developed. The trial court is better positioned to receive the arguments and evidence we currently lack, and is considered an expert on the question of attorney fees, even when the services were rendered for appellate work. Id. at 157, 159.
Conclusion
The judgment is affirmed. We remand with instructions solely to rule upon the request for attorney fees.
JEFFREY W. BATES, J.-CONCURS
DANIEL E. SCOTT, J.-CONCURS

Mother does not challenge the trial court's best-interest finding. The judgment also terminated the parental rights of Child's father, but he is not a party to this appeal. As a result, we make no determination of the propriety of the termination of his parental rights.

Mother's counsel on appeal was not her attorney at trial.

The following facts are recited in accordance with the trial court's findings and Rule 73.01(c). See J.A.R. v. D.G.R. , 426 S.W.3d 624, 626 (Mo. banc 2014). All rule references are to Missouri Court Rules (2018).

"The court may attach little or no weight to infrequent ... communications[.]" § 211.447.8. All statutory references are to RSMo (2016).

Although the petition alleged that Mother was an unfit parent, Mother claims that the petition failed to specify that her rights should be terminated under the particular statutory subsection of parental unfitness that the trial court employed.

The italicized portion of Rule 78.07(b) became effective July 1, 2017. The judgment in this case was not entered until August 2, 2017. Thus, the amended version of the rule applies to Mother's complaints here. Case law prior to Rule 78.07(b)'s amendment mandated the same result. See, e.g. , Brown , 423 S.W.3d at 788 & n.5 ; Pickering v. Pickering , 314 S.W.3d 822, 835 (Mo. App. W.D. 2010) ("Even in a court-tried case, where no post-trial motion is required to preserve substantive issues for appellate review, Rule 78.07(b), we cannot address arguments that the appellant failed to raise at trial.").

Ex gratia review of Mother's arguments, given the gravity of termination proceedings, reveals no reversible error. Mother's second point challenges the trial court's failure to make certain findings related to abuse/neglect and abandonment required by § 211.447. "No motion pursuant to Rule 78.07(c) was filed in this case; therefore, it would not be appropriate to criticize the circuit court for failing to make any required finding." J.A.R. , 426 S.W.3d at 626 n.5. Mother's third and fourth points do not establish that the findings of abuse and neglect (point 3) and abandonment (point 4) are against the weight of the evidence.