

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN THE INTEREST OF: L.J.H. )
)
JUVENILE OFFICER, )
)
                        Respondent, )    **WD83213**
)
v. )
)    **OPINION FILED:**
)    **May 26, 2020**
)
M.H. (Mother), )
)
                         Appellant. )

**Appeal from the Circuit Court of Clay County, Missouri
The Honorable K. Elizabeth Davis, Judge**

**Before Division Two:** Mark D. Pfeiffer, Presiding Judge, and
Alok Ahuja and Gary D. Witt, Judges

M.H. ("Mother") appeals from the Judgment of the Circuit Court of Clay County, Missouri, Family Court Division ("trial court"), terminating her parental rights on the statutory ground that Mother had abandoned her child and it was in the best interests of the child for Mother's parental rights to be terminated. Because Mother fails to challenge the trial court's "abandonment" and "best interests of the child" findings, but instead, challenges the trial court's authority to enter its judgment for the first time on appeal, we affirm the trial court's judgment.

## Factual and Procedural Background[1]

L.J.H. ("Child") was born out of wedlock on June 18, 2018, to Mother.[2]  In August 2018, Child was placed in protective custody of the Division of Family Services—Children's Division. Mother attended two family support meetings but discontinued any efforts to support or visit Child after October 2018.

On April 4, 2019, the Juvenile Officer filed a petition to terminate the parental rights of Mother, putative father D.M., and John Doe to Child.  Specifically, the Juvenile Officer alleged that Mother had abandoned Child for a period in excess of sixty days prior to the filing of the petition in violation of section 211.447.5(1)(b)[3] and that termination of Mother's parental rights would be in the best interest of Child.

On July 25, 2019, when Child was thirteen months old, the trial court held an evidentiary hearing on the Juvenile Officer's petition.  Neither Mother nor putative father appeared in person, but their attorneys appeared on their behalf.  Testimony was received from the Deputy Juvenile Officer and from the Children's Services caseworker assigned to Child.  The Deputy Juvenile Officer testified that Mother had not given the Children's Division any gifts, cards, letters, or support for Child.  Mother's last contact with Child was October 24, 2018.  Mother contacted the Children's Division after she was served with the termination summons and petition to request visits with Child, but Mother *failed to attend **any** of the scheduled visits*.  The Children's Services caseworker testified that Child had been in her current relative placement since November 2018;

---

[1] "On appeal from a judgment terminating parental rights, we view the facts in the light most favorable to the judgment." *In the Interest of A.R.B.*, 586 S.W.3d 846, 851 n.2 (Mo. App. W.D. 2019).

[2] Mother named D.M. as putative father of L.J.H., but his name does not appear on the birth certificate.  Based on DNA test results, the probability of D.M.'s paternity is 99.9995%.

[3] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented, unless otherwise indicated.

Child was thriving and very bonded to the foster parents; the placement was an adoptive resource for Child; and that termination of parental rights would be in Child's best interest.

On August 30, 2019, the trial court entered judgment terminating the parental rights of Mother, putative father, and John Doe to Child. The trial court based its termination of parental rights of Mother, putative father, and John Doe on the grounds of abandonment, section 211.447.5(1)(b). The trial court also found that termination would be in the best interest of Child. § 211.447.7.

Mother timely appealed.[4]

## Standard of Review

"Termination of parental rights under section 211.447.5 requires the trial court [to] find by clear, cogent, and convincing evidence that one or more grounds for termination exists under subsections 2, 3 or 4 of section 211.447." *In the Interest of T.T.G.*, 530 S.W.3d 489, 492 (Mo. banc 2017) (internal quotation marks omitted). "Proof under this standard of only one of the statutory grounds alleged is sufficient to sustain the judgment." *Id.* at 493 (internal quotation marks omitted). We review whether there was clear, cogent, and convincing evidence to support a ground for terminating parental rights under the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976): "[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* "In all of these determinations, the reviewing court is deferential to the fact-findings of the trial court and considers all the evidence and reasonable inferences from the evidence in the light most favorable to the judgment." *Id.* (internal quotation marks omitted).

---

[4] Neither putative father nor "John Doe" joined Mother in appealing termination of their parental rights to Child.

Once one of the grounds for termination has been shown under section 211.447, the trial court also must consider whether termination is in the best interests of the child. *Id.* We will only reverse a determination that termination is in the best interests of the child if we conclude the trial court abused its discretion. *Id.*

On appeal, Mother does *not* challenge the trial court's section 211.447 determination that Mother had abandoned Child nor the trial court's determination that terminating her parental rights was in Child's best interests. Instead, Mother raises an argument on appeal that she never presented to the trial court—that the juvenile officer's petition did not comply with statutory prerequisites to filing suit and, hence, the trial court lacked authority to enter its judgment.

**Analysis**

In Mother's sole point on appeal, she asserts that the trial court erred in terminating her parental rights ("TPR") under section 211.447.5(1)(b) because—although Child was thirteen months old at the time of the termination of parental rights hearing—section 211.447.5(1)(b) required that the child be "over one year of age *at the time of the filing of the petition*," and the uncontested evidence established that Child was *under* one year old when the petition was filed. Mother attempts to couch her "statutory prerequisite to TPR suit" as being an *element* of any such TPR suit. It is not.

"Statutory prerequisites to suit are *not elements* to a lawsuit; they are *affirmative defenses* thereto, subject to waiver." *McDonald v. Chamber of Commerce*, 581 S.W.3d 110, 116 (Mo. App. W.D. 2019) (emphasis in original). "Whether the trial court has the statutory right to proceed . . . is . . . a matter of trial error that is waived by the parties if an objection is not brought before the trial court." *Kerr v. Mo. Veterans Comm'n*, 537 S.W.3d 865, 874-75 (Mo. App. W.D. 2017) (internal quotation marks omitted). "Non-jurisdictional defenses that might bar relief—such as

4

claims that . . . *a statutory prerequisite to suit has not been met* . . . are subject to waiver if not raised timely in a responsive pleading or as otherwise permitted by Missouri's rules and case law." *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 476-77 (Mo. banc 2009) (emphasis added). *See also Dye v. Dep't of Mental Health*, 308 S.W.3d 321, 325 (Mo. App. W.D. 2010) (explaining that issues directed to the circuit court's statutory authority to go forward with hearing and deciding the matter are in the nature of affirmative defenses and "[a]ffirmative defenses may be waived.").

Section 211.447 authorizes the juvenile officer to petition the court to terminate parental rights when specified grounds for termination exist. One of the grounds for termination is abandonment. For the purposes of a termination of parental rights proceeding, "[a]bandonment is defined as the voluntary and intentional relinquishment of custody of a child with the intention that the severance be of a permanent nature or as the intentional withholding by a parent of his care, love, protection and presence without just cause or excuse." *In the Interest of J.M.S.*, 83 S.W.3d 76, 82 (Mo. App. W.D. 2002) (internal quotation marks omitted). "Abandonment has also been defined as a willful, positive act such as deserting the child; a willful delivery of the child with intention that the severance be permanent; a voluntary and intentional relinquishment of the custody of the child to another with the intent to never again claim the rights of a parent or perform the duties of a parent." *Id.* (internal quotation marks omitted).

The juvenile officer or the division "may"[5] file a petition to terminate parental rights when it appears that: "The child has been abandoned. For purposes of this subdivision a 'child' means

---

[5] The juvenile officer or the division "shall" file a petition to terminate parental rights when a court of competent jurisdiction determines the child to be an "abandoned infant." § 211.447.2(2). "For purposes of this subdivision, an 'infant' means any child one year of age or under at the time of filing of the petition." *Id.* The court may find that an infant has been abandoned if: "The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]" § 211.447.2(2)(b). The petition that was filed by the juvenile officer below was pursuant to § 211.447.5(1)(b).

any child over one year of age at the time of filing of the petition." § 211.447.5(1). "The court shall find that the child has been abandoned if, for a period of six months or longer: . . . The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]" § 211.447.5(1)(b).

Mother's claim on appeal—made for the first time on appeal—is that because the TPR petition was not filed within the time parameter prerequisite of section 211.447.5(1)(b) (*i.e.*, that the child be "over one year of age at the time of filing the petition"), the trial court lacked authority to terminate Mother's parental rights under section 211.447.5(1)(b). Mother has not preserved this claim of error for appellate review. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court. This is so by court rule, statute, and controlling case law." *In the Interest of I.K.H.*, 566 S.W.3d 629, 632 (Mo. App. S.D. 2018) (citation omitted) (internal quotation marks omitted).

Rule 78.09 requires a party, "at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor." "Failure to do so precludes a party from obtaining appellate review of error in the trial court's ruling or order." *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014). "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Id*. (internal quotation marks omitted). "This requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid the delay, expense, and hardship of an appeal and retrial." *Id*. at 787-88 (internal quotation

marks omitted). "Compliance is particularly essential for procedural claims that the trial court could have remedied if given the chance . . . ." *In the Interest of I.K.H.*, 566 S.W.3d at 632.[6]

Mother had an opportunity to challenge the timing of the termination proceedings when the petition was filed, during the termination hearing,[7] and after the termination hearing, but she failed to do so. Child was born on June 18, 2018. The Juvenile Officer filed the petition to terminate parental rights on April 4, 2019. Clearly, Child was not over one year of age when the petition was filed.

After the termination hearing, Mother did not raise the issue of Child's age in an after-trial motion. "Mother is correct that she was not *required* to file a post-trial motion, but she did have the *opportunity* to file a post-trial motion. She simply chose not to do so." *In the Interest of I.K.H.*, 566 S.W.3d at 632. Rule 78.07 provides that in cases tried without a jury, "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court*." Rule 78.07(b) (emphasis added).[8] "Even in a court-tried case, where a post-trial motion is not necessary to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention." *Heck v. Heck*, 318 S.W.3d 760, 767 (Mo. App. W.D. 2010) (internal quotation marks omitted). "With only rare exceptions, an

---

[6] For example, had Mother objected below, the Juvenile Officer would have had the opportunity to correct any alleged pleading prerequisite by seeking leave of the trial court to file an amended pleading prior to the termination hearing to address the issue.

[7] During the termination hearing, the Deputy Juvenile Officer was asked on direct examination by counsel for the Juvenile Officer: "When the petition was filed in April of 2019 [L.J.H.] was a child under the age of one year?" The Deputy Juvenile Officer replied: "Yes, she was." In response thereto, Mother did not object to the proceedings on the grounds of Child's age at that time or any time thereafter before the trial court.

[8] Case law prior to the italicized portion of Rule 78.07(b) becoming effective July 1, 2017, mandates the same result. *In the Interest of I.K.H.*, 566 S.W.3d 629, 632 n.6 (Mo. App. S.D. 2018) (citing *Brown v. Brown*, 423 S.W.3d 784, 788 & n.5 (Mo. banc 2014); *Pickering v. Pickering*, 314 S.W.3d 822, 835 (Mo. App. W.D. 2010) ("Even in a court-tried case, where no post-trial motion is required to preserve substantive issues for appellate review, Rule 78.07(b), we cannot address arguments that the appellant failed to raise at trial.").

appellate court will not convict a trial court of error on an issue that was never presented to the trial court for its consideration." *Id*. (internal quotation marks omitted).

Having failed to request dismissal of the petition when it was filed based on Child's age, or to assert her objection during the proceedings, or to raise the issue in a post-trial motion, Mother cannot raise the issue for the first time on appeal to this court. *Brown*, 423 S.W.3d at 788. *See also In the Interest of G.M.G.*, 525 S.W.3d 162, 165 (Mo. App. W.D. 2017) ("In general, where there is no pleading or argument in the record concerning the issue presented on appeal and the issue is raised for the first time on appeal, it has not been preserved for review."). "An issue not preserved for review may still be considered by this court but will only be reviewed for plain error." *Id*. (citing *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 808-09 (Mo. banc 2011)). Because Mother's claim of error was completely unpreserved, and she has not requested plain error review, we decline to, *sua sponte*, review for plain error. *Porter v. City of St. Louis*, 552 S.W.3d 166, 171 (Mo. App. E.D. 2018). *See also In re Adoption[ ] of J.L.D.*, 444 S.W.3d 550, 553 (Mo. App. S.D. 2014) ("[A] claim of error not presented to the trial court is not preserved for appellate review[,] and this Court is within its discretion to deny the claim without further consideration.").

We emphasize, however, that Mother's belated *procedural* argument relating to the trial court's authority to enter judgment has no bearing on the *substantive* basis supporting the trial court's judgment: her abandonment of Child.

For the purposes of termination of parental rights, "abandonment" under section 211.447 is the *same* whether the child is an infant *under one year old* or a child *over one year old*: "The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]" §§ 211.447.2(2)(b); 211.447.5(1)(b). The evidence at trial established that Mother's last contact

8

with Child was October 24, 2018; Mother had not given the Children's Division any gifts, cards, letters, or support for Child; and it was only after Mother was served with the termination summons and petition that she contacted the Children's Division to request visits with Child—visits that, once scheduled, she failed to attend. In its judgment, the trial court found:

> [Mother] has abandoned the child, in that she has, without good cause, withheld love, care, protection and presence from the child, left the child without any provisions for parental support and without making arrangements to visit or communicate with the child, for a period in excess of 60 days prior to the filing of the Petition on April 4, 2019, all in violation of [section] 211.447.5(1)(b). [Mother] has not visited or communicated with the child, has not sent cards or letters and has not sent any support for the child since October 24, 2018. . . . Termination of all the parental rights of [Mother] in, to and over [Child] would be in the best interest of the child.

Mother's sole point on appeal does *not* assert that there was no substantial evidence to support the trial court's finding of abandonment or that the trial court's finding was against the weight of the evidence. In fact, there *was* substantial evidence in the record to support the trial court's conclusions. Hence, whether the evidence supporting the trial court's finding of abandonment is reviewed in the light of Child being an "abandoned infant" (§ 211.447.2(2)) or an "abandoned child" (§ 211.447.5(1)), there was sufficient evidence in the record to support the trial court's abandonment finding. Therefore, Mother's point on appeal is denied.

**Conclusion**

The trial court's judgment is affirmed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Presiding Judge

Alok Ahuja and Gary D. Witt, Judges, concur.