

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF: )
K.C.G., a child under seventeen years of age. )
)
B.L.M., and C.T.A.M., and )
JASPER COUNTY JUVENILE OFFICE, )
)
         Petitioners-Respondents, )
)
         vs. ) No. 38180
)
M.P.G., ) **Filed: March 25, 2024**
)
         Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

The Honorable Joseph L. Hensley, Judge

**AFFIRMED**

M.P.G. ("Father") appeals the judgment of the Circuit Court of Jasper County ("trial court") terminating his parental rights with respect to a minor child, K.C.G. ("Child"). In one point on appeal, Father argues the trial court erred by entering its judgment because there is no evidence in the record he was properly served with a summons in compliance with sections 211.453.2 and 211.462.2.[1] Father failed to preserve his claim on appeal, and we decline to review it under plain error review.

---

[1] All references to statute are to RSMo 2016, unless otherwise indicated.

**Factual Background and Procedural History**

On March 9, 2021, the Juvenile Division of the Circuit Court of Jasper County ("juvenile court") found Child to be without proper care, custody, and support after Child, being two years old at the time, tested positive for methamphetamine. The juvenile court ordered Child to remain in foster care, with the case goal being reunification of the family. As the Children's Division (the "Division") attempted to reunify the family, Father refused to work on a case plan or cooperate with the Division, and he further refused to take two separate drug tests in January and April of 2021. Father also reported that he was self-employed but provided no documentation of income, did not provide documentation of attending or completing a drug treatment program, and he had a pending felony charge for possession of a controlled substance. On April 11, 2022, the juvenile court issued a judgment modifying the case goal to termination of parental rights and adoption.

B.L.M. and C.T.A.M. (collectively, "Adoptive Parents") filed their petition to terminate Father's parental rights over Child and to adopt Child on September 26, 2022.[2] The trial court appointed a special process server to serve Father with the Adoptive Parents' petition, and a Juvenile Summons for Personal Service Outside the State of Missouri was issued for Father at an address in Baxter Springs, Kansas. The special process server served the summons on Father by

---

[2] Adoptive Parents' petition also sought to terminate the parental rights of Child's mother, D.R.A., ("Mother"), and the trial court did terminate Mother's parental rights in its judgment terminating Father's parental rights. Mother is, however, not a party to this appeal, and she filed no notice of appeal following the trial court's judgment. We include references to Mother's involvement in the termination of parental rights proceedings only where necessary to understand the full picture related to Child's case and the trial court's findings and conclusions as to Father.

personal service at a Joplin, Missouri address on October 7, 2022, as evidenced by the returned summons.[3] The summons included the following notice:

> You have the right to have an attorney present to assist you at all court hearings, or you may waive your right to an attorney. If you do desire to be represented by an attorney, you should begin now to obtain legal counsel. *If you cannot afford to pay an attorney and you wish to have an attorney to represent you, the court has the power to appoint an attorney to represent you, without charge.* However, in the event the court does appoint a public defender or other appointed counsel for the juvenile, the court may, after notice and hearing, order the custodian to make reimbursement for all or part of the cost of representation of the juvenile. *You should make known to the court your desire to have an attorney appointed for you.*

(Emphasis added). On October 25, 2022, Father filed a self-styled "Motion to Intervene[,]" a *pro se* answer to Adoptive Parents' petition, and an application for a court-appointed attorney. Father's *pro se* answer stated he "acknowledge[d] receipt of summons and [Adoptive Parents'] Petition for Parental Rights" and that he was requesting counsel.[4] Also on October 25, 2022, the trial court held a counsel status hearing pursuant to section 211.455. The trial court determined that service of process had not been obtained upon Mother and extended the time for service, making no mention of whether service was obtained on Father. The trial court appointed counsel for Father the next day, October 26, 2022.

---

[3] Though the returned summons reflected service on Father on October 7, 2022, and it is attested to by the process server's and a notary public's signature, it was not filed with the trial court until December 18, 2023, after Father filed his notice of appeal. Adoptive Parents attempted to file the returned summons on October 18, 2022, but they instead mistakenly filed a service return for an unrelated juvenile case. A clerk for the juvenile court deleted the mistaken filing, and Adoptive Parents aver they "did not receive notice that the electronically filed 'Return Service of Summons on Birth Father' was deleted or otherwise removed from Missouri Courts eFilng System." Nonetheless, both Father and Adoptive Parents stipulate the returned summons reflecting service on Father is part of the record on appeal per Rule 81.12(f). All rule references are to Missouri Court Rules (2023), unless otherwise indicated.

[4] Father's answer specifically stated he "request council." We understand this phrasing to be a typographical error, and no party has argued otherwise.

The termination of Father's parental rights proceeded to a bench trial on June 27, 2023, where Father appeared in person and with appointed counsel. Father testified at trial, and, when his counsel asked whether he had ever been served in the case, he said, "I did get served I think through – well, I got served on the TPR." After considering the evidence presented, the trial court issued its amended judgment terminating Father's parental rights on August 1, 2023.

The trial court terminated Father's parental rights on the bases of abuse or neglect, failure to rectify harmful conditions, and parental unfitness under subdivisions (2), (3), and (5) of section 211.447.5, respectively; and it found termination of Father's parental rights was in Child's best interests. In its judgment, the trial court recounted the evidence of Father's chemical dependency which prevented him from consistently providing the necessary care for Child, failure to provide Child with adequate care despite being physically and financially able to do so, and refusal to participate in services offered by the Division. It also noted Father was "served on October 7, 2022, by personal service at [a Joplin, MO address]." Neither Father nor Adoptive Parents filed a post-trial motion for a new trial following the trial court's judgment, and Father's timely appeal followed.

**Preservation of Error**

We must first consider whether Father preserved his argument to determine the appropriate standard of review. In order for an appellant to raise a claim of error on appeal, the trial court must first be given the opportunity to rule on the question. *In Int. of I.K.H.*, 566 S.W.3d 629, 632 (Mo. App. S.D. 2018). To give the trial court an opportunity to rule on an issue, "a party must make a timely objection or request, which is one made when the occasion for the ruling desired first appears." *Int. of E.G.*, 683 S.W.3d 261, 266 (Mo. banc 2024) (quoting *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 267 (Mo. banc 2014)).

4

Where, as here, parties try a case before a bench trial and without a jury, "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review[,]" provided "the matter was previously presented to the trial court." Rule 78.07(b). This requirement of raising an error to the trial court first before appeal is "particularly essential for procedural claims that the trial court could have remedied if given the chance" by responding to a party's objection. *In Int. of I.K.H.*, 566 S.W.3d at 632. "We will not convict the trial court of error about which it has not been made aware." *Int. of S.M.W.*, 658 S.W.3d 202, 210 (Mo. App. W.D. 2022) (quoting *Sanders v. City of Columbia*, 602 S.W.3d 288, 298 (Mo. App. W.D. 2020)).

Father argues in Point I that the trial court erred by terminating his parental rights because "there is no evidence in the record that [he] was properly served with a [s]ummons in compliance with RSMo 211.453.2 and 211.462.2."[5] Adoptive Parents contend Father failed to preserve this argument by not filing a post-trial motion or otherwise presenting any alleged violation of those statutes to the trial court before appeal. Father believes his argument under Point I was presented to the trial court before appeal, and thus preserved, by operation of section 211.455.1, "which requires the trial court to ascertain service of process before setting a dispositional hearing in the matter."

Section 211.455.1 provides that within 30 days after the filing of a petition to terminate parental rights, "the juvenile officer shall meet with the court in order to determine that all

---

[5] Point I is multifarious as drafted because it alleges the trial court erred by failing to ensure compliance with two different statutes. *Fowler v. Missouri Sheriffs' Retirement System*, 623 S.W.3d 578, 582-83 (Mo. banc 2021) ("[P]oint relied on is multifarious in violation of Rule 84.04 because it groups together multiple, independent claims."). Because we determine plain error review is not warranted for Point I, the dismissal of Point I for failure to comply with Rule 84.04(d) is unnecessary.

5

parties have been served with summons[.]" The trial court held this meeting on October 25, 2022, and it would have addressed whether Father was properly served at that time. So Father is correct that the issue of his service was before the trial court. *See* section 211.453.2(1) (listing parents as persons who must be summoned and served a copy of a termination of parental rights petition). However, even though a trial court addresses the service of all necessary parties through section 211.455.1, "a party aggrieved by noncompliance with statutes and rules still must timely raise the error." *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 808 (Mo. banc 2011), *overruled in part on other grounds by S.S.S. v. C.V.S.*, 529 S.W.3d 811, 816 n.3 (Mo. banc 2017). Thus, Father still had to "make some effort to bring the alleged error to the trial court's attention" to preserve his claim of noncompliant service. *Int. of L.J.H.*, 604 S.W.3d 883, 889 (Mo. App. W.D. 2020) (quoting *Heck v. Heck*, 318 S.W.3d 760, 767 (Mo. App. W.D. 2010)). Father cannot know of an error, fail to raise it to the trial court, and then raise that error on appeal in an attempt to relitigate the termination of his parental rights. *See Sutton v. McCollum*, 421 S.W.3d 477, 485 (Mo. App. S.D. 2013) ("That is, even in a court-tried case, an alleged error must be brought to the trial court's attention in some manner . . . .").

The record reveals Father raised no claim of error regarding sections 211.453.2 or 211.462.2 before appeal. When the trial court held its counsel status hearing pursuant to section 211.455.1, it did not document any alleged error regarding Father's service, and Father does not claim any party raised such an error to the trial court at this October 25, 2022, meeting. Instead, on that same day, Father filed a *pro se* answer acknowledging he was served the summons and a copy of Adoptive Parents' petition. He made no objection to his service of process at the counsel status hearing or any time after the trial court appointed him counsel. Father also filed no post-trial motion raising any alleged error.

Because Father failed to raise any error regarding his service of process to the trial court before appeal, his claim of error is not preserved. *See Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) (claim of error not preserved where "there [was] nothing in the record to show that Father's counsel . . . [raised said error to] the trial court in any manner"); *see also* Rule 78.09. His Point I can only be reviewed, if at all, for plain error. *In re Adoption of C.M.B.R.*, 332 S.W.3d at 808; *Int. of S.M.W.*, 658 S.W.3d at 210.

Appellate courts rarely exercise plain error review in civil cases and will do so only where the claimed error facially establishes substantial grounds for believing manifest injustice or miscarriage of justice resulted. *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020);[6] *Int. of J.C.S.*, 658 S.W.3d 260, 265 (Mo. App. S.D. 2023). Father failed to preserve his claim of error under Point I and has not requested plain error review. This Court will not, "*sua sponte*, review for plain error" when an appellant has not requested that analysis. *Int. of L.J.H.*, 604 S.W.3d at 889. Even if he would have requested plain error review, he failed to allege, let alone establish, substantial grounds for believing any manifest injustice or miscarriage of justice occurred. Plain error review is not warranted here. *See Int. of J.C.S.*, 658 S.W.3d at 266 ("[A parent] is not entitled to plain error review given that she has not alleged or proven manifest injustice from any claimed noncompliance . . . .").

## Conclusion

Because Father failed to preserve his claimed error and we decline plain error review, the trial court's judgment terminating Father's parental rights with respect to Child is affirmed.

---

[6] "Although *Brandolese* involved an allegation of plain error under Rule 30.20 in a criminal case, Rules 30.20 and 84.13(c) are substantially similar such that cases construing one may be equally applicable to plain error review under the other." *Int. of Y.B.*, 669 S.W.3d 695, 700 (Mo. App. S.D. 2023) (quoting *State v. McAfee*, 462 S.W.3d 818, 822 n.2 (Mo. App. E.D. 2015)) (internal quotation marks omitted).

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS