

# Missouri Court of Appeals
## Southern District
### In Division

IN THE INTEREST OF M.L.P. and M.R.P.,   )
   )
WAYNE COUNTY CHILDREN'S DIVISION, )
   )
          Respondent,   )  No. SD38069
   )
   vs.   )  FILED:  May 1, 2024
   )
A.N.B.,   )
   )
          Appellant.   )

### APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

Honorable Scott Schrum, Judge

## AFFIRMED

M.L.P. and M.R.P. (collectively, "the siblings"), born on September 12, 2016, and November 19, 2019, respectively, entered into foster care in 2020, after M.R.P. tested positive for methamphetamine.  In 2022, following a termination judgment against the siblings' natural and legal fathers (collectively "Fathers"), the Children's Division of the Missouri Department of Social Services ("Children's Division") filed an amended petition to terminate the parental rights of the siblings' mother ("Mother").[1]  The amended petition alleged that termination of Mother's

---

[1] The circuit court judgment terminated the parental rights of Mother and Fathers, but Mother timely appealed this judgment, and the parties agreed to a remand for a retrial.  Fathers did not file an appeal and the termination of their parental rights therefore became final.

parental rights was warranted on three statutory grounds—section 211.447.5(1) ("abandonment ground"), section 211.447.5(2) ("abuse-or-neglect ground"), and section 211.447.5(3) ("failure-to-rectify ground")—and that it was in the best interests of the siblings.[2]

A termination hearing took place in March of 2023, which included testimony from five witnesses, the admission of fifteen exhibits, and the circuit court taking judicial notice of the entire case file and underlying juvenile case files.[3]  In its judgment, dated March 23, 2023, the circuit court found that the Children's Division proved (1) all three of the aforementioned statutory grounds by clear, cogent, and convincing evidence and (2) termination was in the best interests of the siblings by a preponderance of the evidence.  These general findings were supported by specific, statutorily required findings of fact, including findings addressing the seven statutory factors listed in section 211.447.7(1)-(7) ("best-interest factors").  The circuit court found that there was evidence relevant to best-interest factors (1), (2), (3), (4), (5), and (7), all of which favored termination.

Thereafter, Mother filed an application for a court-appointed attorney, and her trial counsel withdrew.  Neither Mother nor anyone on her behalf filed a post-trial motion.  Appellate counsel entered her appearance on May 12, 2023, and later sought and received leave to file a late notice of appeal with this Court.  Because of various deficiencies in Mother's seven points

---

[2] All statutory references are to RSMo Cum.Supp. (2021).
[3] We note that Mother's statement of facts is less than two pages in length and omits any mention of or reference to the testimony of these witnesses or content of these exhibits.  This is problematic because, as we discuss *infra*, Mother's points raise several against-the-weight-of-the evidence challenges.  "An appellant may not simply recount his or her version of the events," as Mother attempts to do with the arguments following her points, "but is required to provide a statement of the evidence in the light most favorable to the judgment."  *In re Marriage of Smith*, 283, S.W.3d 271, 273 (Mo.App. 2009).  "An appellant's task on appeal is to explain why, even when the evidence is viewed in the light most favorable to the respondent, the law requires that the judgment of the trial court be reversed."  *Id.* at 273-74.

2

on appeal, which we discuss out of order for ease of analysis, we deny all of those points and affirm the judgment.[4]

"This Court will affirm the trial court's decision to terminate parental rights unless the 'record contains no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declares or applies the law.'" *In re S.M.H.*, 160 S.W.3d 355, 362 (Mo. banc 2005) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Section 211.447 governs the termination of parental rights by way of a two-step procedure. In the first step, there must be clear, cogent, and convincing evidence that one or more statutory ground for termination exists. *Int. of K.A.M.L.*, 644 S.W.3d 14, 20 (Mo.App. 2022). If the first step is satisfied, the second step requires that there be a preponderance of the evidence that termination is in the best interest of the child involved. *Id.* On that question, the standard of review is for an abuse of discretion. *Id.*

Several of Mother's points concern challenges to the reassignment of Deputy Juvenile Officer Thomas Keeney ("DJO Keeney"), who, until September 15, 2022, served on the underlying juvenile cases. We begin our analysis with one such point. In point 3, Mother asserts her due process rights were violated because the Wayne County Juvenile Office ("Juvenile Office") "was allowed to continue in this termination matter after a conflict arose" involving DJO Keeney's reassignment. According to Mother, "said conflict impaired the duty of the Juvenile Office and Children's Division to assist [Mother] with reunification with the [siblings][.]" This constitutional challenge, as well as the documents Mother proffers on appeal to support it and her other claims of error involving the reassignment of DJO Keeney (primarily

---

[4] The nature of these deficiencies obviates the need to recite any extended factual background in order to resolve Mother's points relied on.

emails sent by Children's Division personnel), were never presented to or otherwise before the circuit court to consider.

"Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Int. of D.L.S.*, 606 S.W.3d 217, 224 (Mo.App. 2020) (internal quotation marks omitted). "Compliance is particularly essential for procedural claims that the trial court could have remedied if given the chance and likewise for constitutional claims, which are waived if not raised at the earliest opportunity." *In Int. of I.K.H.*, 566 S.W.3d 629, 632 (Mo.App. 2018). This Court, in its discretion, can review for plain errors that were neither raised nor preserved. *See* Rule 84.13(c).[5] But here, even plain error review is unavailable because no record basis exists upon which to support a facial manifest injustice or miscarriage of justice argument. The only reason the Children Division emails Mother relies on are before this Court is because they were included in the Rule 84.04(h) appendix she filed along with her appellate brief. We cannot consider documents outside of the circuit court record and "[t]he mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 823 (Mo. banc 2011) (internal quotation marks omitted), *abrogated on other grounds by S.S.S. v. C.V.S.*, 529 S.W.3d 811 (Mo. banc 2017). In short, Mother, with point 3, wholly fails to present any allegation of error capable of appellate review.[6]

---

[5] All rule references are to Missouri Court Rules (2023).

[6] In her reply brief, Mother states that appellate counsel was precluded from filing a post-trial motion or a motion to reopen the evidence "after discovering the Keeney emails" due to her late appointment and opposing counsels' lack of consent. Mother argues that "[i]t does not seem equitable for the above circumstances to have occurred but then for the [Children's Division] to argue that [Mother] did not preserve these matters for appeal." The referenced circumstances, however, do not affect our holding that we cannot review evidence never presented to the circuit court. We observe that other avenues exist for the review of evidence after a judgment has already become final, *see* Rule 74.06 (setting out the criteria for an independent action to relieve a party or his legal representative from a final judgment), but express no opinion as to the applicability of those avenues here.

The remaining points, excluding point 7, assert against-the-weight-of-the-evidence challenges to certain termination grounds and best-interest factors.[7]

> Appellate courts act with caution in exercising the power to set aside a decree or judgment on the ground that it is against the weight of the evidence. A claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment. The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong.

*S.S.S.*, 529 S.W.3d at 815-16 (internal quotation marks and citations omitted).

Two of these remaining points premise their allegations of circuit court error on the reassignment of DJO Keeney. In point 2, Mother challenges the circuit court's findings, addressing the failure-to-rectify ground, that "the conditions which led to the assumption of jurisdiction still persist" and "there is little likelihood that those conditions will be remedied at an early date so the children can be returned to [Mother] in the near future[.]" *See* section 211.447.5(3). In point 4, Mother challenges the following circuit court findings addressing two of the best-interest factors: "[f]urther services are not likely to bring about a lasting parental adjustment that would enable the return of the [siblings] within an ascertainable period of time" and "Mother has shown no interest in her children." *See* section 211.447.7(4) and (5). Both of these points assert that the aforementioned findings are "against the weight of the evidence" in that "the Juvenile Office and [Children's Division] failed in [their] duty to assist [Mother] in reunification with the [siblings], following the removal of [DJO] Keeney from this matter after it appeared that DJO Keeney was assisting [Mother] in moving towards reunification[.]"

---

[7] While best-interest findings are reviewed for an abuse of discretion, a challenge to such findings can be based on the argument that the findings are against the weight of the evidence. *E.g.*, **Int. of D.N.D.**, 646 S.W.3d 748, 751 (Mo.App. 2022).

The arguments following these points rely on citations to the appendix and, therefore, suffer from the same record deficiencies as point 3. Moreover, even if we strip away the allegations regarding DJO Keeney and construe the points as merely asserting that "the Juvenile Office and [Children's Division] failed in [their] duty to assist [Mother] in reunification with the [siblings]," the points would nevertheless fail. "The absence of treatment or services is no defense to a termination proceeding."[8] *In re D.M.B.*, 178 S.W.3d 683, 688 (Mo.App. 2005). In insisting that the Juvenile Office and Children's Division "owe" her this duty, Mother misconstrues *Int. of D.L.P.*, 638 S.W.3d 82 (Mo.App. 2021). The parent in *D.L.P.* failed to complete counseling required by her social service plan and the uncontroverted evidence revealed that the parent's failure "was solely the fault of the Children's Division" because counseling was abruptly stopped due to funding and authorization. *Id.* at 93. The facts on the record before us are not comparable to *D.L.P.*, as Mother does not allege she was prevented from completing a social service plan. On the contrary, Mother alleges she "completed the majority of the social service plan . . . , although full completion of the social service plan is not required for reunification with the children[.]" For these reasons, points 2 and 4 fail to demonstrate any circuit court error and provide no basis upon which to form a firm belief that the judgment is wrong.

Besides point 2, Mother raises no other explicit challenge to the failure-to-rectify ground for termination.[9] Therefore, given the failure of point 2, and because termination can be based on any *one* statutory ground, *K.A.M.L.*, 644 S.W.3d at 23, we need not review points 1 and 5,

---

[8] We do not mean to suggest that the evidence properly in the record supports Mother's argument. We observe only that the argument is contrary to applicable law.

[9] Point 7, which we discuss *infra*, arguably relates to circuit court findings addressing a failure-to-rectify ground subsection. *See* section 211.447.5(3)(d). However, Mother does not frame point 7 as a challenge to the termination of her parental rights under the failure-to-rectify ground, and she makes no argument, other than what she proffers in point 2, that the circuit court's findings under any failure-to-rectify ground subsection were erroneous.

which challenge only findings under the abuse-or-neglect ground for termination.[10] *See In Int. of A.R.T.*, 496 S.W.3d 610, 618 (Mo.App. 2016) (finding that because a challenge to the failure-to-rectify ground for termination failed, remaining points challenging other grounds for termination were moot).

That point 4 fails for the same reasons as point 2, however, does not automatically doom Mother's other point challenging the circuit court's best-interest determination. This is because, unlike the requirement that one statutory ground is sufficient for termination, "[t]here is no requirement, statutory or otherwise, that all seven of these factors must be negated before termination can take place; likewise, there is no minimum number of negative factors necessary for termination." *In re C.A.M.*, 282 S.W.3d 398, 409 (Mo. App. 2009). In point 6, Mother challenges, as "against the weight of the evidence," the best-interest findings that "Mother has not provided minimal support for the cost of the care and maintenance of the [siblings] while they have been in the custody of the Children's Division when she had some financial ability to do so." These challenged findings—the sole focus of point 6—pertain to only *one* of the seven best-interest factors the circuit court addressed in its judgment. *See* section 211.447.7(3). This narrow focus is flawed because the circuit court's best-interest determination is a subjective assessment based on the *totality of the circumstances*. *C.A.M.*, 282 S.W.3d at 409. Without any consideration or analysis of the totality of the circumstances, including the facts supporting the termination grounds and remaining unchallenged best-interest factors, Mother's best-interest challenge, as set out in point 6, fails to present a cogent and cognizable best-interest challenge.

---

[10] Conspicuously absent from these points is any challenge to the circuit court's determination that termination of Mother's parental rights was also warranted under the abandonment ground. *See* section 211.447.5(1). Having been apprised of this absence, Mother argues in her reply brief that "[m]anifest injustice would occur from the termination of [her] parental rights based upon abandonment due to the fact that the Juvenile Office and the [Children's Division] failed in [their] duty to assist [her] with reunification, which is punctuated by issues argued otherwise herein by the removal of DJO Keeney." While the failure of point 2 means we need not address this manifest injustice argument, the argument would nevertheless fail for the same reasons.

As such, point 6 also fails to provide a basis upon which to form a firm belief that the circuit court's judgment is wrong.

Point 7 is the only point remaining for discussion. The circuit court found pursuant to "447.5(3)(d)" that "there is evidence that Mother suffers from a chemical dependency that prevents [her] from consistently providing the necessary care, custody, and control of the [siblings] and cannot be treated so as to enable her to consistently provide such care, custody, and control." Mother contends that this finding "erroneously declares or applies the law" because "'447.5(3)(d)' is not a proper statutory citation[.]" However, because a termination of parental rights can occur upon finding one statutory ground and that termination is in a child's best interest, **K.A.M.L.**, 644 S.W.3d at 23, and because Mother's previous points all fail to demonstrate any circuit court error regarding these requirements, point 7 is moot and need not be addressed.

In conclusion, it is the burden of an appellant to show circuit court error, and we will affirm unless the appellant meets that burden. **Matter of M.L.T.**, 468 S.W.3d 377, 381 (Mo.App. 2015). Mother failed to do so here for all the foregoing reasons, and, consequently, we deny her seven points.[11] The judgment of the circuit court is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

[11] Although not required because the circuit court's judgment is presumed correct and it is Mother's burden to demonstrate otherwise, we have, nevertheless, satisfied ourselves *ex gratia* that at least one of the three grounds for termination found by the circuit court in that judgment and the best-interest determination therein are supported by substantial evidence in the trial record properly before us. A judgment terminating parental rights "will be affirmed if the record supports at least one ground and supports that termination is in the best interest of the children." **J.A.R. v. D.G.R.**, 426 S.W.3d 624, 630 (Mo. banc 2014).